J. S. JOHNSON, Ex'r, Etc., Respondent, v. MARY E. JOHNSON, Appellant.

**Kansas City Court of Appeals, January 8, 1900.**

Administration: DISCOVERY OF ASSETS: PROBATE COURT: CIRCUIT COURT. In a proceeding by an executor to discover assets neither the probate court nor the circuit court on appeal can finally determine the rights of property between *a nob fide* disputants, as the good faith of the party in possession of the assets is the sole question to be tried in such proceeding.

Appeal from the Maries Circuit Court.—*Hon. D. W. Shackleford,* Judge.

REVERSED.

*J. B. Harrison* for appellant.

(1) There was no authority of the probate court to proceed further after the defendant had testified under oath in the probate court in answer to the complaint and affidavit, and especially after interrogatories had been filed, and answers to interrogatories filed, said notes showing on their face that she was entitled to the possession of said notes as her sole and

separate property. If the executor desired to prosecute the said proceedings further, he should have denied said answers and stated wherein they were false and untrue. In re Est. Stuart, 67 Mo. App. 61; Gordon v. Eans, 97 Mo. 587; Hook v. Dyer, 47 Mo. 214.

*W. S. Pope* for respondent.

The appellant could not claim both dower and also by survivorship; and having taken dower she can not take these notes. R. S. 1889, sec. 4531; Roberts v. Walker, 82 Mo. 200; Arnold v. Willis, 128 Mo. 145.

ELLISON, J.—This is a proceeding begun in the probate court under the provisions of sections 74, 75, 76 and 77, Revised Statutes 1889, by the executor of the will of Phillip Johnson to discover assets alleged to belong to the estate, and which the executor charges defendant (widow of the testator) with "concealing" and withholding from him as such executor. The defendant was cited to appear in the probate court, where she was examined on oath, orally, in which she specifically set forth the several items of property in dispute, but which she alleged were her own and did not belong to the estate. The plaintiff executor then filed his interrogatories, as is provided by the statute aforesaid, and defendant answered these, making claim to the property as her own. The probate court found for her, and the executor appealed to the circuit court where judgment was for the plaintiff, and defendant has come here for relief.

It seems that on the foundation of a simple summary statutory proceeding to compel the surrender of property "embezzled, concealed or otherwise wrongfully" withheld, there has been built a law suit of considerable proportions, involving intricate questions as to the property rights of married

women, by statute and common law, including a variety of questions on the right of survivorship.

The charge here is, that defendant had "concealed" various articles of property, when there is no evidence whatever of any concealment. The defendant claimed the property as hers. The evidence shows the claim was made in the honest belief that it was supported by both conscience and law. The circuit court had no authority to try the absolute right to the property in dispute. Its duty could go no further than that derived from the probate court, from which it received the case by appeal, and that court, in cases like this, can only try the question of the good faith of the claim of property which may be made. The proceeding was not intended to finally determine the rights of property between *bona fide* disputants. That should be done in another forum and in a more formal way. Gordon v. Eans, 97 Mo. 605. Where, as here, the claim to the property is not an afterthought or pretense, but made openly in the honest belief of right of property, the finding should be for the party charged; when, if it be deemed expedient, a proper remedy may be sought to test the title in other places.

As there was a total failure to make out a case under the statute aforesaid, the judgment will be reversed and judgment entered for the defendant. All concur.