[No. 6000.]

## STIDGER V. PEOPLE.

1. **District Court of Several Divisions—Where Criminal Information to Be Filed—**When in a district court of several divisions the rules designate one of the divisions as the criminal division, and direct that all criminal business shall be assigned thereto, it is not a contempt in the district attorney to file an information in that division, even though a complaint has been made to the judge presiding in another, and the judge of the latter is assuming jurisdiction, and requests that the information be filed with him.—(50)

2. **Contempt—Notice of Proceeding—**An officer is not to be convicted of a past contempt, even in a proceeding at which he is present, if he has had no previous notice that this is the purpose of the proceeding.—(50)

*Error to the Denver District Court*—Hon. FRANK T. JOHNSON, Judge.

Mr. G. W. WHITFORD, Mr. H. SILVERSTEIN, and Mr. JOHN H. CHILES, for plaintiff in error.

Hon. W. H. DICKSON, attorney general, and Mr. S. H. THOMPSON, for the people.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The object of this writ of error is to review a judgment of the district court adjudging plaintiff in error guilty of contempt. Plaintiff in error has already been before this court with a writ of *habeas corpus* whereby he sought to have the same judgment reviewed.—*In re Stidger*, 37 Colo. 407. This court, speaking by Mr. Justice Gunter, denied that writ, upon the ground that petitioner had an ample remedy by a writ of error. In the well-considered opinion in that case, the facts of the present controversy are fully stated. Restating them here would unnecessarily incumber our reports, and we content ourselves with referring to that opinion for the facts on which our judgment is now given. Therefrom it

4

conclusively appears that the judgment is wrong. Whatever may be said with respect to the jurisdiction of the court, or judge thereof, to make the investigation then under consideration, it is clear that, under the constitution and statutes of this state, and the rules of the district court, the district attorney was strictly within the line of his duty in doing the things for which he was adjudged guilty of contempt. Moreover, if the district court had jurisdiction to conduct the investigation, it is apparent that, during its progress, so far as it concerns plaintiff in error, there was a radical departure from the established procedure applicable to cases of contempt. Plaintiff in error had no legal notice of the alleged proceeding against him, and was afforded no opportunity to be heard. In pronouncing judgment against him, the district court acted without, and beyond, its jurisdiction.

Its judgment is therefore reversed and the cause remanded with instructions to discharge the plaintiff in error and dismiss the proceedings.

*Reversed and remanded.*

Chief Justice Steele and Mr. Justice Musser concur.