[No. 6541.]

Zobel v. The People ex rel. Kyle.

1. **Contempt—Proceeding to Punish—How Far Reviewable—** Where, in a proceeding to punish a contempt, the court acts within its jurisdiction, mere irregularities are not reviewable on error.—(145)

2. **Contempt — Civil — Procedure—**Disobedience of an order made in a civil action for the benefit of a party is a civil and not a criminal contempt. The provisions of the code (§§ 322-324) control the proceeding to punish it. The contemnor is not en-

titled to notice of the application for the attachment, and where the contempt is charged by affidavit and he makes no denial thereof, the court need not examine witnesses, in the absence of a request therefor, by the accused.—(145, 147)

*Error to Lake District Court*—Hon. CHARLES CAVENDER, Judge.

Mr. JOSEPH W. CLARKE, Mr. T. E. McINTYRE and Mr. JOHN HORNE CHILES for plaintiff in error.

Mr. JOHN A. EWING for defendants in error.

Mr. JUSTICE.CAMPBELL delivered the opinion of the court:

August Zobel prosecutes this writ of error to a judgment of contempt rendered against him. The proceeding grew out of the trial and judgment in the case of *Zobel v. Fanny Rawlings Mining Company et al., ante,* p. 134. In that case, having found that Zobel had in his possession moneys amounting to nearly $3,000.00, which, in equity and good conscience, belonged to plaintiffs in that action, to which Zobel admitted he had no claim or title, but which, being in his possession, he held and was willing to dispose of as the court, by its decree, might direct, the district court adjudged him a trustee of the money and that he held it in trust for the benefit of the plaintiffs in the action, and directed him to pay it into the registry of the court within ten days from the date of the decree, for their use and benefit. More than the ten days after the entry of such decree, Zobel, not having paid the money into the court, Thomas D. Kyle, one of the plaintiffs in that action, filed an affidavit and presented it to the court, setting forth that Zobel had failed and neglected to obey the order of the court in this particular, because of which affiant said that Zobel was guilty of a violation of the order, and in contempt of court for a refusal to com-

ply with the same. The court, upon the filing and presenting of the affidavit, ordered a warrant of attachment to be issued for Zobel, basing it upon this affidavit, and directed to the sheriff, commanding him to bring Zobel into court to answer the charge within a designated time from the date of service, and show cause, if any he had, why he should not be held in contempt. The warrant, as ordered, was issued and served upon Zobel. Upon the return day Zobel appeared by his attorney and excepted to the writ of attachment and the order therefor. Thereafter Zobel appeared in court in person and with his attorneys and filed a motion to quash the order and all the previous proceedings therein, which is in the nature of, and equivalent to, a demurrer to the affidavit and the previous proceedings; thereby challenging the court's jurisdiction, the sufficiency of the affidavit, and objecting because previous notice was not given to him that an application for the warrant would be made upon the affidavit filed. The court overruled this demurrer, or motion to quash, and respondent excepted to the ruling. No desire was manifested by the defendant in the contempt proceedings to plead, and no request was made for leave to make any answer or further return than the motion to quash or demurrer already referred to. The court thereupon, upon motion of the attorney for the relator, adjudged Zobel guilty of contempt in that he willfully disobeyed a lawful mandate of the court in refusing to pay money into the registry of the court as decreed, and, having found that the contempt consisted in the omission to perform an act which was yet in the power of Zobel to perform, ordered that in default of his immediate and full payment of the specified sum, together with the costs of the proceeding; that he be committed to the county jail of Lake county and confined there until the

same, with the costs, should be fully paid, or until he was discharged in due course of law.

Only two questions are argued here by counsel for plaintiff in error: first, that the order requiring him, as defendant, to pay the moneys into the registry of the court was void in that the court had no jurisdiction to make it; second, that the proceedings were not in accordance with the practice in such cases. Indeed, these are the only questions we can consider, for, if the court had jurisdiction to make the order, and substantially observed the procedure applicable to this class of cases, mere error of the court within its jurisdiction is not reviewable. —*Bloom v. People,* 23 Colo. 416.

We have already determined, in the main action, that it was within the court's jurisdiction to make this order, and we content ourselves now by approving that decision. There is no question about the court's jurisdiction in the premises.

We fail to discover, and counsel has not shown, wherein there was a departure from the practice which prevails in this jurisdiction in contempt proceedings. The contempt consisted in the disobedience of a lawful order made by the court for the benefit of a private litigant, and comes clearly within sec. 321 of our civil code. The order was made in a civil action, its violation constituted a civil, not a criminal, contempt, and the code provisions as to procedure are strictly applicable.—*Wyatt v. People,* 17 Colo. 252, 258; 9 Cyc. 5. Not being a direct contempt, or one committed in the immediate view and presence of the court, it falls within the general class denominated constructive or indirect civil contempts. In such class of cases, by sec. 322 of our code, "an affidavit shall be presented to the court * * * of the facts constituting the contempt." That was done in this case. Sec. 323 provides that "When

(10)

the contempt is not committed in the immediate view or presence of the court * * *, a warrant of attachment may be issued to bring the person charged to answer; or, * * * a warrant of commitment may, upon notice," be issued, or an order to show cause be granted. The warrant of commitment to the jail in this case was not issued without a previous warrant of attachment to answer. The record shows that the warrant of attachment was issued and served on defendant and returned by the sheriff, and defendant was let to bail, as sec. 324 provides. When defendant presented himself in court in response thereto, instead of making an answer denying the facts set up in the affidavit on which the entire proceeding for contempt was based, and without asking to have witnesses examined, or evidence heard, and without making any showing at all in opposition to the affidavit, he filed a motion to quash the proceedings, which, in more than one particular, is a general demurrer. It was overruled. The court was ready to proceed with the investigation. No request was made by defendant to plead over, or to answer the affidavit further. There was no denial of defendant's alleged right to plead over, or to produce evidence. The court was ready to grant it if demanded. Sec. 328 of the code says: "The court shall proceed to investigate the charge, and hear any answer which defendant may make to the same, and may examine witnesses." The court heard the only answer, which was a demurrer or motion to quash, that defendant made, and, so far as the record shows, would have heard evidence had defendant offered to produce any. The court then, on due application, adjudged defendant guilty of contempt, under the uncontradicted affidavit, and having determined that the contempt consisted in the omission to perform an act which was yet in

his power to perform, ordered him to be committed to jail until he performed it, or was otherwise discharged by law.

We fail to see wherein there has been a departure from the statutory proceeding in this case. The only ground upon which any such claim is based is that the court did not cause notice to be given defendant of the application for the warrant of attachment before it was issued, or conduct a hearing and examination of the witnesses for and against defendant when he responded to the writ and appeared in court. The code does not require such previous notice. The proceeding in that respect is summary. Sec. 328 provides that the court may hear witnesses, but certainly, in the absence of any request by defendant therefor, when he himself rests his defense upon a motion to quash or a demurrer, thereby confessing the affidavit, there is no necessity for the court to conduct a hearing or take evidence.

The judgment is right and is affirmed.

*Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.