[No. 7019.]

COULTER v. THE PEOPLE.

1. CONTEMPT—*Affidavit*—If the affidavit upon which proceedings to punish an alleged contempt are based fails to allege facts which, if true, constitute a contempt, jurisdiction is not acquired.

2. ——*Withholding or Secreting Last Will*—A complaint in the county court, under sec. 7080 of the Revised Statutes, alleging merely the death within the county, of a person named, and that such person left a last will in the custody of the alleged contemnor, who wilfully withholds or secretes the same, not stating that the decedent's last place of residence was within the county, or that he was a non-resident, or owned real or personal property within the county, is fatally defective in failing to show jurisdiction in such county court to receive probate of the will.

*Error to Routt County Court.*—Hon. CHARLES A. MORNING, Judge.

Messrs. MORRISON & DESOTO, for plaintiff in error.

Hon. BENJAMIN GRIFFITH, attorney general, Mr. CHARLES O'CONNER, assistant attorney general, for the people.

Mr. JUSTICE WHITE delivered the opinion of the court:

Plaintiff in error was adjudged to pay a fine, "as for contempt of court," upon the charge that he had secreted or wilfully withheld the last will of one J. M. Snowden, deceased, and brings the matter here for review.

The proceedings are based upon Sec. 7080 R. S. That section requires, as an essential pre-requisite to the jurisdiction of the county court in proceedings thereunder, that a complaint be filed by some credible person, showing, *inter alia,* that the accused has, or there is reason to believe he has, in his possession the last will of a person deceased, *"whereof such court hath jurisdiction to receive the probate,* and secretes or wilfully withholds the same," etc.

The county court of Routt county did not have jurisdiction to probate the last will of every deceased person departing this life within such county. Its jurisdiction in that respect, extended only to those wills, the makers of whom had their last known residence in that county, or had no residence in this state, but whose personal property or greater part thereof was found within the county, or who left no personal estate and whose real estate or greater part thereof was situated in said county. Sec. 7102 R. S.

Testing the complaint initiating the proceedings at bar by these rules, it is found fatally defective, in that it fails to show that the county court had jurisdiction to receive the probate of the will in question. While the complainant states that, "J. M. Snowden departed this life at the town of Craig, in the county of Routt, state of Colorado, on or about the 9th day of February, A. D. 1909, leaving in the care, custody and control of one John A. Coulter a last will and testament as this affiant is informed and believes, disposing of his property," etc., it does not state that deceased's last known residence was

within such county, or that he was a non-resident of the state, or that he owned real or personal property within such county. It may be that deceased, at the time of his death, was temporarily sojourning the Routt county with his place of known residence in an adjoining or some other county of this state; or he may have been a non-resident of the state possessing no property within the county in question.

The allegation in the complaint that plaintiff in error had held himself out to be and acted as the executor of the last will and testament of deceased, and taken possession of his personal property and dealt with the same in such capacity, in no wise removes the fatal defect in the complaint. For aught that appears, either therein or in the record, the last will of deceased may have been probated in the county court having jurisdiction thereof, in some other county of the state, and plaintiff in error qualified thereunder, and duly authorized to act in the premises.

It is elementary that if the affidavit or complaint upon which contempt proceedings are based, is defective in substance, that is, fails to allege facts which, if true, will constitute contempt in law, the court will not acquire jurisdiction, and if it proceeds, its judgment must be reversed on error. Sec. 94, Rapalje on contempts.

The case of *Batchelder v. Moore,* 42 Calif. 412, 415, is peculiarly applicable to the facts of this. It is there said:

"In the case here the proceeding is based wholly upon the statute of 1862 (page 115), 'An act for the punishment of contempts and trespasses.' That statute provides that 'every person who shall have been, or shall be hereafter, *dispossessed* or *ejected* from' premises under the judgment of a court, and who shall himself re-enter, or procure someone else to re-enter, etc., shall be deemed guilty of a contempt, etc. It is essential that the person accused should be one who has been *ejected* or *dispossessed,* as provided in the act; and unless he be such person, the act has no application whatever, and he cannot be guilty of the contempt therein denounced. In the

affidavit of Batchelder there is a total omission to allege that Calderwood was *such a person,* and the omission is obviously jurisdictional in its consequences."

So here, the party making the will, alleged to have been withheld, must have been a person whose last will the county court of Routt county would have jurisdiction to probate; and unless the will be of such person, that court can have no concern therewith, and one withholding such will can in no sense be in contempt of that court. It necessarily follows that the judgment of conviction was wrong, and it is, therefore, reversed. *Judgment reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.