[No.. 8719.]

Vick Roy v. Morgan, Administratrix.

Administration—*Compulsory Examination of One Charged With Possession of Assets—Power of Court.* The first clause of sec. 7253 of the Revised Statutes authorizes an inquisitorial proceeding designed as an economical and efficient mode of discovering the properties pertaining to a decedent's estate, as preliminary to some proper action for the recovery thereof. Only the person cited is to be examined; no issue of fact is tried, nor can the right as to the particular property be determined. (124.)

An order requiring the person examined to turn over to the administrator certain moneys admitted to be in his hands, reversed. (125)

*Error to Denver County Court.* Hon. Ira C. Rothgerber, Judge.

Mr. Henry E. May, and Mr. Rice W. Means, for plaintiff in error.

Mr. T. J. O'DONNELL, Mr. JOHN W. GRAHAM, and Mr. CANTON O'DONNELL, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court.

Upon complaint of Dora Morgan, as administratrix of the estate of Miranda Eliza Vick Roy, deceased, Joseph J. Vick Roy was cited to appear before the County Court for examination as provided by sec. 7253, Rev. Stat. 1908. The property of the deceased, which it was alleged had been appropriated, embezzled, concealed or disposed of by Vick Roy, was certain money, deeds, bonds and contracts. Upon service of the citation, Vick Roy appeared and denied the allegations of the complaint. Thereafter the matter came on for hearing and Vick Roy was examined, under oath, touching the matters set forth in the complaint. The examination, in so far as it relates to the matters here involved, disclosed that shortly before the death of the deceased she had on deposit in a bank a sum of money, and signed and delivered to Vick Roy a check, payable to his order upon the bank, for the sum of $300., and that subsequent to her death Vick Roy presented the check to the bank and received the money thereon. Thereupon the court, over the objection and exception of Vick Roy, entered an order that he forthwith turn over to the administratrix the sum of $300. as the property of the estate. After an unsuccessful effort in the trial court to have the judgment annulled, Vick Roy brought the cause here for review on error. He questions the power of the court to enter the order.

An examination of the statute discloses that the County Court is given power to cause a person, alleged to have embezzled, concealed or alienated property belonging to an estate, to be brought before the court and examined, upon oath, touching the same; and if he refuse, after citation, to appear and submit to such exam-

ination, or to answer interrogatories propounded to him in relation to the matter, to commit him to the common jail of the county until he submits to the order, and to cause the interrogatories and answers to be made in writing, and signed by the party examined and filed in the County Court. It also declares that if any person, before the granting of letters testamentary or of administration, etc., embezzles or alienates any of the moneys, goods, chattels or effects of any deceased person, etc., he shall stand chargeable, and be liable to the action of the representative of the estate "for double the value of the property so embezzled or alienated, to be recovered for the benefit of such estate."

The statute is in two parts. The first authorizes a proceeding, inquisitorial in its nature, designed especially as an economical and efficient mode of discovering property of an estate. Thereunder no order can properly be made in regard to the property, if any, in the hands of the party examined, the object being to aid the parties interested in discovering property belonging to an estate of a deceased person, and as preliminary to the bringing of some proper action for the recovery thereof. Only the person cited to appear may be examined and the matters involved are not to be heard as on a trial. The court or judge may not try any issue of fact as to whether the person under examination is in the wrongful possession of property of the estate or indebted thereto. This provision cannot be employed to enforce the payment of a debt or liability for the conversion of property of an estate, or to try controverted questions of the right to property as between the representative of an estate and others. *Durst v. Haenni,* 23 Colo. App. 431, 444, 130 Pac. 77; *Saddington's Estate v. Hewitt,* 70 Wis. 240, 247, 248, 249, 35 N. W. 552.

Under the facts of this case, Vick Roy presented the question of ownership of the $300., and the existence or

non-existence of a debt from him or the bank to the estate was involved, and the County Court, in a summary proceeding of this character, had no right or authority to adjudicate the same.

The second clause or part of the statute gives a cause of action, when certain facts are found to exist, which may be enforced in an appropriate proceeding in a court of competent jurisdiction, but was not employed in the case at bar.

The judgment is, therefore, reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

Decision *en banc.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY not participating.