## No. 10,727.

### Griffith, et al. v. The People, ex rel. Boatright.

Decided November 5, 1923.

Plaintiffs in error were adjudged guilty of contempt of court.

### Reversed.

### On Application for Supersedeas.

1. Contempt—*Jurisdiction.* On a review of a judgment for contempt, the only question to be considered is that of jurisdiction.

2. *Petition—Jurisdiction.* If a petition or complaint in contempt proceedings fails to allege facts which, if true, constitute contempt, the court acquires no jurisdiction.

*Error to the District Court of Arapahoe County, Hon. Samuel W. Johnson, Judge.*

Mr. Joseph S. Jaffa, for plaintiffs in error.

Mr. Russell W. Fleming, Attorney General, Mr. Harold Clark Thompson, Assistant, for the people.

Mr. Chief Justice Teller delivered the opinion of the court.

The plaintiffs in error were adjudged guilty of contempt of court, and bring the case here on error and ask that the writ be made a supersedeas.

The proceedings were begun in the district court by the filing of a petition by the district attorney praying for a citation upon the respondents to show cause why they should not be punished for contempt of court.

The petition charged that the respondents, who were appearing as attorneys of one George Griffith, charged with murder, had caused subpœnas to issue for some thirty witnesses, for which subpœnas they had neglected and refused to pay. Further, that they had caused said sub-

pœnas to be served by the sheriff without having made payment for such service, and that they had failed to pay the witness fees of said subpœnaed persons; also that said Dickson had stated in open court that the witnesses subpœnaed as above stated were subpœnaed "for an ulterior motive;" and, finally, that a record of the proceedings in said cause had been ordered by said Dickson and the same had been furnished, but not paid for; that he had also ordered from the official stenographer a transcript of the record which had been furnished him, and that no payment had been made therefor.

The respondents alleged that a part of the fees above mentioned had been paid; that the witnesses were subpœnaed to be used on a hearing in an application for bail in behalf of said accused, and denied that the court had jurisdiction of the proceeding.

Hearing was had upon the petition and return, and the court found that in the matter of the fees the respondents had done nothing constituting contempt; but he further found that they had been guilty of contempt in that they had charged the district attorney with having filed an information upon an affidavit made by a person without knowledge of the facts, and that they charged that the court was thus, by false pretenses, induced to issue a criminal *capias* for the defendant.

It appears that the court found that the petition itself stated no action which constituted contempt of court. The court's finding of contempt was on a ground not mentioned or suggested in the petition. This court is committed to the doctrine that on a review of a judgment of this kind the only question is that of jurisdiction. *Cooper v. People,* 13 Colo. 337, 22 Pac. 790, 6 L. R. A. 430. And further that if the petition or complaint upon which the proceeding is based fails to allege facts which, if true, constitute contempt, the court acquires no jurisdiction. *Coulter v. People,* 53 Colo. 40, 123 Pac. 647.

The Attorney General concedes that the judgment can-

not be sustained; the judgment is accordingly reversed with directions to dismiss the case.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.