VOGEL *v.* WACHTEL, ADMINISTRATOR ET AL.

[No. 14,315.  Filed March 20, 1934.  Rehearing denied June 28, 1934.  Transfer denied October 2, 1934.]

*John W. Bowles, Thomas A. Dailey, Wilson S. Dailey,* and *John H. Dailey,* for appellant.

*Henry Seyfried* and *Norman E. Patrick,* for appellee administrator.

SMITH, J.—The petition for a rehearing in above cause is hereby granted, and the opinion of May 9, 1933, heretofore rendered, is hereby superseded by the opinion of the court, as follows:

Appellee, Joseph Wachtel, administrator of the estate of Fritz Hess, deceased, brought this action in the probate court of Marion county against the appellant, Pauline Vogel, and the appellee, Railroadmen's Building and Savings Association, for intermeddling, under §3317, Burns 1926, §6-2201, Burns 1933, §3066, Baldwin's 1934, upon a complaint in two paragraphs.

The first paragraph charged that the decedent, Fritz Hess, in his lifetime, had on deposit in the Railroadmen's Building and Savings Association the sum of $6,281.65, as evidenced by pass book No. 60795; that appellant Pauline Vogel, without authority and without right, took possession of the pass book, and, without right, caused the money represented by such building and loan stock to be transferred to her on the books of the association, and, without right, has it in her possession; that the appellant Pauline Vogel, and the appellee Railroadmen's Building and Savings Association, unlawfully intermeddled in the assets of the estate of Fritz Hess, deceased, and that Pauline Vogel appropriated said money to her own use.

The second paragraph of complaint was filed after the

answer, and is upon the same theory, that of intermeddling; and, in addition to the charges in the first paragraph of complaint, sets out in detail how the appellant Pauline Vogel, obtained possession of this money, and alleges that the appellant Pauline Vogel, and appellee Railroadmen's Building and Savings Association, attempted to transfer the book representing the stock "to Fritz Hess or Pauline Vogel, joint account, payable to the order of either of them before or after the death of the other." Then, it alleges that the attempted transfer is null and void for the following reasons: (1) That the attempt to transfer was without consideration and did not constitute a valid gift; (2) that the attempted transfer was procured by undue influence and duress by the appellant Pauline Vogel; (3) that the attempted transfer was procured by appellant Pauline Vogel, through fraud; (4) that Fritz Hess, the decedent, did not possess sufficient mental capacity to make the attempted transfer.

Then follows the prayer for judgment against both of the defendants for $6,500, and return of the property.

To these paragraphs of complaint, the appellee Railroadmen's Building and Savings Association, filed a verified answer setting up that Fritz Hess, on January 28, 1924, opened an account, and obtained a stock book with an initial deposit of $4,001.73, and that on February 23, 1927, said book representing this stock was transferred by said Fritz Hess to "Fritz Hess or Pauline Vogel, joint account, payable to the order of either of them before or after the death of the other"; that on February 14, 1928, the amount of stock had increased to the amount of $6,281.65, and was on that date withdrawn by appellant Pauline Vogel, and deposited by her in her own name; that she later withdrew certain amounts, leaving a balance of $3,980.65 outstanding on the book in the name of Pauline Vogel to her credit; that they will refuse to

pèrmit the appellant Pauline Vogel to withdraw any more of said balance, and will stand ready to pay said sum into court or as the court may direct. The appellant Pauline Vogel filed her answer to the complaint in two paragraphs; first, a general denial; and a second paragraph, alleging ownership of the building and loan association stock, and that the decedent had turned over and presented to her said funds with instructions that, at his (said Fritz Hess's) death, she should take possession of all these funds, and divide the same equally between her brothers and sister.

To this second paragraph of answer of the appellant, the appellee, administrator, filed a demurrer which was sustained by the court. The issues were formed upon the two paragraphs of complaint, and the answer of the Railroadmen's Building and Savings Association, and the answer of the appellant Pauline Vogel in general denial. The cause was submitted to the court for trial, without the intervention of a jury. The court made a general finding, and rendered judgment for the appellee administrator, and rendered a personal judgment against appellant in the sum of $6,645.99, and further found that the appellant "unlawfully intermeddled" with the property of the estate on February 14, 1928 (which was the date appellant had the stock in the building and loan association, or the amount represented thereby, deposited in her name). The court further found that the appellee Railroadmen's Building and Savings Association held on deposit in their association the sum of $4,224.13 which was a part of the original sum for which judgment was rendered against appellant and ordered that this sum be paid over to the administrator and, that such administrator credit this amount upon the judgment rendered against appellant.

The court then rendered judgment on said finding against the appellant in the amount of $6,645.99, and

ordered the appellee Railroadmen's Building and Savings Association to return and deliver without delay to the appellee administrator said sum of $4,224.13, and that said sum be credited upon the judgment against appellant in said finding and order. The court further said, "And upon said defendants mentioned failing to do so, in that they be attached and punished as and for a contempt of this court."

This finding and judgment of the court is based upon §3317, Burns 1926, *supra*, which is the statute of intermeddling. The issues were framed, and cause submitted and tried upon the theory that the appellant had intermeddled in the estate of Fritz Hess, decedent.

The appellant seasonably filed her motion for a new trial, and has presented two questions: (1) That the decision of the court is contrary to law; (2) that the decision of the court is not sustained by sufficient evidence. The only error assigned is the overruling of the motion for new trial which presents the two questions above stated.

We deem it advisable to set out the statute above referred to, known as the "intermeddling statute," §3317, *supra*, which is as follows:

"Every person who shall unlawfully intermeddle with any of the property of a decedent shall be liable in an action therefor in any court of competent jurisdiction. Such action may be brought by the executor of the decedent or the administrator of his estate (or if there be none such, then by any creditor or heir of the decedent), and shall be for the use of the estate of the decedent. The defendant in such action may be examined, under oath, touching such alleged intermeddling; and testimony thus elicited shall not be used against him in any prosecution. The defendant shall be liable in such action to a judgment for the full value of the property converted, or to the extent of the injury to said estate occasioned by such intermeddling, and ten per cent damages in addition thereto. Execution on such judgment shall not be subject to stay of replevin-bail, and shall be without relief from valuation or appraisement laws, and re-

turnable in ninety days. The court may adjudge a return to the executor or administrator (or, if there be none, to such person, for the time being, as the court may appoint) of any goods or choses in action remaining in the control of the defendant, and may enforce compliance with any judgment in the premises by attachment and imprisonment in the discretion of the court. If no administration of the estate be pending, the court shall provide for the safe keeping of the assets or damages recovered until an executor or administrator, as the case may be, shall be duly appointed. Any creditor or heir recovering judgment as aforesaid shall be allowed a reasonable compensation therefor out of the assets of said estate by the court in which the estate is administered."

The proceedings contemplated by this statute are summary in character. No trial by jury can be had by either party, nor has either party a right to demand a jury trial. *Graham, Admx.* v. *Plotner* (1928), 87 Ind. App. 462, 469, 151 N. E. 735.

It will be observed that the court rendered a personal judgment against the appellant in the sum of $6,645.99, together with costs, and ordered the sum of $4,224.13, representing the amount still on deposit in the Railroadmen's Building and Savings Association in the name of the appellant Pauline Vogel to be credited on said judgment. The court ordered the Railroadmen's Building and Savings Association to pay over said sum on deposit in their association to the appellee administrator without delay, and followed the statute, §3317, *supra*, in rendering judgment, but did not add the 10 per cent damages in addition to the amount as provided in the statute; and ordered that upon the "defendants" (appellant Pauline Vogel and appellee Railroadmen's Building and Savings Association) failing to pay over said sum, they be attached and punished for contempt of court. It will also be observed that the statute provides that, as a part of the judgment, it may be

enforced by an attachment and imprisonment within the discretion of the court. Appellee contends that this action, although brought under this statute, is not a summary proceeding, but is an action under which the title and right to the property involved may be tried. We cannot agree with this contention. While the statute provides that any person who shall "unlawfully intermeddle" with the property of a decedent, shall be liable therefor in any court of competent jurisdiction, it also provides that the intermeddler may be examined under oath touching such intermeddling, and that the testimony so elicited shall not be used against him in any prosecution. The fact that a trial by jury is denied under this section is a factor to be considered in determining that a trial as to the right and title to property cannot be had under this statute where the question as to the ownership and title of the property is properly raised in good faith.

The second paragraph of answer of appellant raised this question, and the examination of the appellant taken in accordance with this statute before the trial also shows that there was a bona fide claim made by the appellant that she was the owner of the property in question in trust for the use and benefit of herself, her brothers, and sister. Her testimony shows, by the examination under oath which was offered in evidence at the trial, that the appellant's brother, Fritz Hess, assigned this book in the Railroadmen's Building and Savings Association, representing this money, to himself and appellant jointly, payable to the order of either of them before or after the death of the other; that, pursuant to this arrangement with her brother, the appellant, a few days after her brother's death, went to the Railroadmen's Building and Savings Association, and drew the money out of this account and placed it to her own account; that she thereafter proceeded to carry out the instructions of her brother, paying over and giving some of this money to

her sister and to some of her brothers until she was stopped from further distribution by this proceeding. This was sufficient at least to apprise the court that the question as to the ownership of this property was involved; that the appellant was claiming this property as a gift *inter vivos*, in trust for the use and benefit of her brothers and sister, who were beneficiaries thereunder.

Whether this was a gift *inter vivos* to appellant by her deceased brother or not, we do not decide, as this is an issue which could not be determined in this action brought under the statute, §3317, Burns 1926, *supra*.

Henry's Probate Law, Vol. 1 (1931 Ed.), §86, page 84, referring to the statute on intermeddling, says, "Such intermeddling must be with the property of the decedent and if the intermeddler sets up a *bona fide* claim of ownership to the property, it is doubtful whether such a question of title could be tried in the action above provided." The author then cites three cases in the note under this state, from Arkansas, Maryland, and Missouri, which cases support the statement of the author as above-quoted.

The case of *Gibson* v. *Cook, Admr.* (1884), reported in 62 Maryland 256, 259, was an action brought under a statute similar to the one under which this case was brought, especially insofar as it gave summary powers to the court. The case involved the question of a deposit in a savings bank, and an action was brought under this statute charging that the appellant, Gibson, had obtained possession and concealed certain bank books of the appellee's decedent, and had converted them to his own use and refused to deliver them to the administrator. The lower court found for the administrator, which order and judgment were reversed by the Supreme Court. The court said:

"If there was no concealment, there was no issue for the Orphans' Court (Probate Court) to try, or

question on which that court could send an issue to another tribunal for a jury to try. The only issue which they could frame under that section of the Code in that case was, 'Does the respondent conceal any property or money of James Dooner?' The pleadings raise an issue of title, not of concealment. . . . that court had no jurisdiction, because it could not decide a question of title. . . . That question could be raised by an action at law on the part of the Adm'r., etc."

While the statute of Maryland provides for the recovery of property from any person that conceals, our statute uses the expression "Every person who shall unlawfully intermeddle." Intermeddling means just what the term would imply; that is, to meddle with the affairs of another; to interpose or interfere improperly; to enter into. These expressions are taken from Webster's Unabridged Dictionary.

The great weight of authority from other jurisdictions than our own holds that in proceedings of this character brought under statutes similar to our "inter meddling statute," the right and title to property between the administrator and others cannot be tried and settled in such proceedings. Illinois has a similar statute to ours, for the recovery of assets. Their Supreme Court holds that the right to try the title to property cannot be had in such proceedings. In the case of *Dinsmoor* v. *Bressler* (1896), 164 Ill. 211, 221, 45 N. E. 1086, 1090, the court says:

"The summary proceeding in the probate court to compel the production and delivery of property 'is not the proper remedy . . . to try contested rights and title to property between the executor and others' . . . 'Nor does the power conferred upon probate courts to subpoena and examine parties alleged to conceal or withhold property of the estate authorize such courts to try the title to the property in dispute.' "

This doctrine is upheld in other jurisdictions, and we cite *Johnson* v. *Johnson* (1900), 82 Mo. App. 350; *Vick*

*Roy* v. *Morgan* (1916), 62 Colo. 122, 160 Pac. 1030; *In re Heinze's Estate* (1918), 224 N. Y. 1, 120 N. E. 63; *Barto* v. *Harrison, Adm'x.* (1908), 138 Iowa 413, 116 N. W. 317; *Humbarger et al.* v. *Humbarger* (1905), 72 Kansas 412, 83 Pac. 1095.

As the appellee Railroadmen's Building and Savings Association has no real interest in this appeal, Joseph Wachtel, administrator of the estate of Fritz Hess, deceased, will be referred to as the appellee.

This case was presented and tried under the statute of intermeddling above quoted; and the finding and judgment of the court was under that statute, and upon the theory that the appellant by her acts and conduct had intermeddled in the estate of Fritz Hess, deceased. This was the issue tendered by the complaint, and the only issue to be tried.

The complaint alleged ownership of the property in question in the estate of Fritz Hess, deceased. The appellant filed an answer in general denial, and, under this issue as tendered, could introduce testimony to disprove the charge of intermeddling; and, of course, ownership of the property in another than the estate would meet this charge. In this proceeding, the lower court was without authority under this statute to try the question of the ownership and title to this property, and to determine the ownership, except insofar as such question had to do with the subject of intermeddling.

So far as the appellant was concerned, the question of her title or ownership of this property could not be determined in this suit, and evidence thereof was competent only for the purpose of meeting the allegation of the complaint that the ownership of the property was in the appellee.

The probate court of Marion county has general jurisdiction to try an issue of title to property pertain-

ing to estates in a proper proceeding brought ■ under a proper statute for such purpose, but cannot try this issue to determine between the parties the ownership of the property under the statute of intermeddling. The question whether appellant was actually the owner of the property in question is one upon which she, in a proper proceeding, is entitled to the right to a trial by jury; and, as her claim to ownership as trustee was made in good faith, and this question of her ownership was properly presented, then the court under this statute of intermeddling was without authority to determine the ownership thereof.

We have examined the evidence in this case, and taking the evidence most favorable to appellee, it fails to support the charge of intermeddling; therefore, the decision of the court is not sustained by sufficient evidence, and is also contrary to law. We have not set out the evidence, or the substance thereof, for it would unduly extend this opinion, but it was the duty of the lower court under the evidence as presented in this case and under the issues to enter a finding for appellant, to the effect that she was not an intermeddler in the estate.

Appellee cites the case of *Graham* v. *Plotner, supra,* as authority for the proposition that the lower court could try the question of ownership of the property involved in this proceeding, but the question of the right to try the ownership of property was not presented in that case. The lower court did, however, enter a judgment upon the question presented as to the ownership of the property in question, but the right of the trial court to enter such judgment under this statute, where the right to trial by jury is denied, was not questioned; and, therefore, the holding here is not in conflict with the Plotner case, *supra.*

What we have said in this opinion does not deprive

the appellee of the right to try the question of the title to, or ownership of, this property in a proper proceeding therefor.

For the reasons heretofore stated, the lower court erred in overruling the motion for new trial. No necessity arises, however, for another trial in this proceeding under this statute, as the result thereof, under this decision would have to be a finding for appellant.

Judgment of the lower court is reversed with instructions to the Marion probate court to vacate the judgment herein, and enter a finding and judgment for appellant, and for such further proceedings as may be necessary.

Dudine, J., concurs in the result.