## No. 13,430.

### Munson v. Luxford, County Judge.
(34 P. [2d] 91)

Decided April 2, 1934.  Rehearing denied June 18, 1934.

*Error to the District Court of the City and County of Denver, Hon. Robert W. Steele, Judge.*

Mr. FRED W. MATTSON, Mr. A. B. MATTSON, for plaintiff in error.

Mr. FOSTER CLINE, Mr. GEORGE A. TROUT, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

CLARA M. Munson, also known as Mrs. William E. Munson, was plaintiff and the Honorable George A. Luxford,

as judge of the county court of the City and County of Denver was defendant in the district court of the same county. They will be referred to as plaintiff and defendant respectively. In the district court, plaintiff sought to invoke the remedy of certiorari to review certain proceedings in the county court relating to the estate of Harriette Lombard, deceased, Estate No. 51480. Defendant demurred to plaintiff's application for certiorari, on the ground that it did not state a cause of action or facts sufficient to entitle plaintiff to any relief. The court sustained the demurrer, plaintiff elected to stand on her petition and her action was dismissed. A few days afterwards, she filed a motion to vacate the judgment of dismissal, and asked leave to file an amended petition for certiorari or writ of review, both of which requests the district court denied. Plaintiff prosecutes error and asks for a supersedeas.

In support of plaintiff's application for certiorari, she attached thereto various exhibits selected by her from the files of the county court, consisting of copies of a notice and motion of an attorney for the estate, an affidavit of Josephine McElvain in support of the motion, and an order of the county court. They are more fully referred to hereinafter. The following facts sufficiently appear in substance from such application and the exhibits accompanying it. Harriette Lombard died and Josephine McElvain was appointed administratrix of decedent's estate. All of the assets consisted of two insurance policies which were in plaintiff's possession when decedent died: Plaintiff collected the money on some pretext or other, and has not accounted for it to the estate. She was cited to appear in the county court and submit to examination pursuant to section 5378, C. L. 1921, concerning the property of the deceased in her possession. Upon such hearing and examination, the court issued an alternative order, directing plaintiff to pay the money into court, or, if she failed to do so, the administratrix was authorized to bring suit against plaintiff. The lat-

ter failed and refused to pay the money into court as directed, the administratrix sued her, the same being cause No. 75765 in the civil division of the county court, and the administratrix recovered judgment against plaintiff in the sum of $460.50 with interest and costs. No appeal was taken from this judgment and it remains unsatisfied.

Plaintiff alleges that after the above judgment was rendered, the administratrix "filed a notice, motion and affidavit, copies of which are hereto attached, in said Estate of Harriette Lombard, deceased, No. 51480, in said County Court and on November 28, 1933, the defendant as judge of said County Court, sitting in probate, entered an order based on said motion requiring the affiant to pay the said judgment rendered in said cause No. 75765 on or before Saturday, December 2, 1933. That said defendant as Judge of said [county] Court has threatened to and will, unless restrained by this [district] court, compel compliance with said order by contempt proceedings and imprisonment." Plaintiff alleged further that the county court was without jurisdiction and has no power to collect a judgment by imprisonment. She asked for a review of the proceedings in the county court and that further action therein be stayed, which the district court refused. The additional matter which plaintiff sought to show by way of amendment and which the district court declined to allow, was that the county court had ordered plaintiff to pay the money into court or be confined in the county jail. In other words, plaintiff sought by amendment to plead an order of the county court, instead of a threat, as originally pleaded.

We shall consider three events in the county court in the order of their happening: (a) The inquisitorial proceedings in Estate No. 51480, brought under section 5378, C. L. 1921; (b) the judgment rendered in cause No. 75765, and (c) the order in Estate No. 51480, directing plaintiff to pay the judgment or be confined in the county jail.

Section 5378, C. L. 1921, reads in part as follows: "If any executor or administrator, heir, legatee, creditor, guardian or conservator or other person interested in the estate of any deceased person, minor or mental incompetent, complains to the county court, in writing, that any person is suspected to have concealed, embezzled, carried away or disposed of any money, goods or chattels of the deceased, minor or mental incompetent, or that such person has in his possession or knowledge any deeds, conveyances, bonds, contracts or other writings, which contain evidence of or tend to disclose the right, title, interest or claim of the decedent, minor or mental incompetent, to any real or personal estate, or any claim or demand, or any last will and testament of the deceased, the said county court may cite such suspected person to appear before it, and may examine him on oath upon the matter of such complaint. * * *"

Plaintiff contends that the above section cannot be employed to enforce the payment of a debt or liability for the conversion of property of an estate, citing *Vick Roy v. Morgan,* 62 Colo. 122, 124, 160 Pac. 1030. The case is not in point since the statute was not so employed in the present matter. While it is true that the court, following the first hearing (a) in Estate No. 51480, entered an order in alternative form, directing that the money be paid into court, nevertheless it was fully recognized that another suit (b) would be required to compel obedience to such order, hence such suit was authorized, brought, and judgment obtained in cause No. 75765. It thus appears on the face of plaintiff's petition that section 5378 was not misused, but was employed only for an informative purpose. It served this end, and its usefulness was thereupon terminated. The judgment subsequently obtained in another action (b) upon separate process, was the foundation for the order of commitment (c), which was not resorted to until after such judgment (b) had been rendered. As will be presently seen, the

fact that (b) and (c) were made at different times, and in separately numbered causes, is immaterial.

Plaintiff did not incur an ordinary liability; it is deducible from the record that her act was flagrant and tortious in unlawfully collecting money belonging to the estate and in failing to pay it to its rightful owner. The judgment rendered in cause No. 75765, from which no appeal was taken, is conclusive as to the amount she owes, and also as to the fact that plaintiff had tampered with a trust fund. If she had not done so, there would have been no judgment against her. She was at least guilty of a civil contempt in flouting the order of the county court (c) to pay the money into the registry of the court. *Zobel v. People,* 49 Colo. 142, 111 Pac. 846. The order of commitment upon failure to pay it might also be construed as equivalent to an order for a body execution, authorized by section 5964, C. L. 1921. It appears also that plaintiff is charged with having fraudulently disposed of her property, in furtherance of her determination to escape refunding the money. The evidence taken in the county court is not preserved in the record, and the presumption follows here that the judgment and orders of that court are correct.

The plaintiff claims that no process was served upon her and that consequently the county court did not have jurisdiction. Whether served or not, she appeared and actively participated in the conduct of the case, and her voluntary appearance was equivalent to personal service. Section 50, 1921 Code.

Plaintiff argues that the order for her imprisonment is void because there was no order for body judgment in No. 75765, and such order was made in Estate No. 51480, but there is no magic in these numbers; the order (c) was as effective as if it had been entered and recorded in (b); they both pertained to one matter in the estate of Harriette Lombard, deceased, and to all intents and purposes, as far as the parties are concerned, they were one and the same suit. Objections not affect-

ing substantial rights will be disregarded. When the court acts within its jurisdiction, as it did here, mere irregularities are not reviewable on error. *Zobel v. People, supra.*

██ Plaintiff assigns error for the failure of the district court to allow the above amendment but we have treated it as though allowed and reached the same result. Other points are argued, but their determination would not affect the outcome, so they need not be discussed. It is the duty of courts to protect the estates of deceased persons, though successive orders be required to reach recalcitrants. The task is by no means always easy and we see no reason for interfering with the judgment.

Judgment affirmed.

MR. JUSTICE BURKE and MR. JUSTICE HILLIARD concur.

*On Petition for Rehearing.*

MR. JUSTICE HILLIARD.

I agree with the order of denial of the petition for rehearing, but I am not content to rest my judgment wholly on the reasoning of the opinion. *Vick Roy v. Morgan,* 62 Colo. 122, 160 Pac. 1030, is distinguishable. There, as here, the respondent in the estate citation claimed title to the funds said to belong to the estate, but unlike the procedure adopted by the county court, in probate, in the present case, the court there, sitting in probate, heard evidence on the issue and made determination. On error, prosecuted directly from that judgment, we said: "The court or judge may not try any issue of fact as to whether the person under examination is in the wrongful possession of property of the estate." It is to be noted that primarily the county court here, in probate, apprehending the law of the Vick Roy case, did not make any order against the respondent under examination, but directed the representative of the estate to institute an

action against her, that there might be judicial determination of the issue growing out of Mrs. Munson's claim of title to the money she had in possession. This was done, and the judgment was to the effect that the money claimed by Mrs. Munson was not hers, but was of the assets of the estate. The situation, as thus developed, was again made to appear to the county court, sitting in probate, when the court made the order of which Mrs. Munson complains.

If when first cited Mrs. Munson had frankly stated she had the money in question and that it belonged to the estate, but she intended to keep it, I think that within the purpose of section 5378, C. L. 1921, the court could have proceeded summarily against her, requiring its surrender. See *Sadington's Estate v. Hewitt*, 70 Wis. 240; *Howell v. Fry*, 19 Ohio St. 556, 559. But she was not frank. She claimed the money was hers. Such contention presented an issue not cognizable in summary proceeding. Mindful of its limitations, the court relegated the matter to a competent tribunal for adjudication. As the result of the trial, reasonably viewed, the stiuation became as if Mrs. Munson had not claimed title to the money. No longer could she say the money she had in hand did not belong to the estate. When she was again cited she insisted her status was that of a judgment debtor to the estate, and that only ordinary writs could be employed to enforce collection. The court did not view it so, nor do I. Her status was determinable from the intermeddling she indulged after the passing of the decedent, not from indebtedness incurred prior thereto. Thus comprehended, the court's order was warranted and not inherently harsh. Petition for rehearing is denied.

MR. JUSTICE BURKE concurs in this opinion.