SCHROEDER ET AL. *v.* DICKINSON TRUST COMPANY OF RICHMOND.

[No. 16,728.   Filed January 22, 1942.]

*Denver C. Harlan* and *Benjamin F. Harris*, both of Richmond, and *McTurnan & Higgins*, of Indianapolis, for appellants.

*Byram C. Robbins* and *Brown, Reller & Mendenhall*, all of Richmond, for appellee.

FLANAGAN, J.—Appellee brought this action against appellants for intermeddling under § 6-2201, Burns' 1933, § 3066, Baldwin's 1934, charging appellants with having possession of certain United States Treasury Bonds which constituted part of the estate of Mary A. Englebert, deceased.

Trial to the court resulted adversely to appellants. Their motion for a new trial was overruled and this action of the court is the sole error assigned here.

Prior to the commencement of this action, appellee had examined the appellants as to their possession and ownership of the bonds in question under § 6-911, Burns' 1933, § 3109, Baldwin's 1934.

Appellants insist that such examination constituted a waiver by appellee of objection to the competency of appellants to testify in this cause as to the matters there inquired into. We cannot agree with this contention.

It is true that by calling an adverse party as a witness under § 2-1718, Burns' 1933, § 308, Baldwin's 1934,

an administrator waives the incompetency of the witness and renders him competent for all purposes. *Young* v. *Montgomery* (1903), 161 Ind. 68, 67 N. E. 684; *Craig* v. *Norwood* (1916), 61 Ind. App. 104, 108 N. E. 395. But when appellants were examined under § 6-911, Burns' 1933, § 3109, Baldwin's 1934, no issues were joined and they were not being called as witnesses by the adverse party in the present suit. Nor was that a prior trial of the same action or a prior suit involving the same issues. We do not find that any question of waiver was involved.

Appellants insist that the decision of the trial court is not sustained by sufficient evidence because the evidence clearly fails to support the charge of intermeddling and shows that appellants in good faith claimed ownership and title to the involved property.

With this contention we agree. It was stipulated by the parties, as part of the evidence, that appellee, before the bringing of this action, made demand upon appellants for the bonds in question, which demand was refused and appellants "asserted the title and claimed to be the owners thereof." The evidence discloses that the question of ownership and title is properly raised in good faith.

The intermeddling statute provides for proceedings summary in character and denies the right to a jury trial. Its purpose is to compel production and delivery of property of the estate when the estate ownership is unquestioned.

The question of the ownership of the property cannot be determined under the statute on intermeddling but must be determined in a proper proceeding wherein appellants are entitled to trial by jury. *Vogel* v. *Wachtel, Admr.* (1934), 99 Ind. App. 269, 189 N. E. 425.

No necessity exists for another trial under this statute and the judgment herein is therefore reversed with instruction to enter a finding and judgment for appellants.

NOTE.—Reported in 38 N. E. (2d) 868.