No. 16,666.

URBANCICH *v.* MAYBERRY.
(236 P. [2d] 535)

Decided October 1, 1951.

312

Mr. Isaac Mellman, for plaintiff in error.

Mr. L. H. Drath, Mr. Edward A. Jersin, for defendant in error.

Mr. Justice Moore delivered the opinion of the court.

The executors of the estate of John Novak, deceased, brought an action against plaintiff in error in the district court of the City and County of Denver to recover certain moneys belonging to said estate which had been converted by plaintiff in error to his own use. Findings and judgment of the Denver district court were in favor

of the executors and this judgment was affirmed in *Urbancich v. Jersin,* 123 Colo. 88, 226 P. (2d) 316.

Following the affirmance of that judgment complaint was filed in the county court of Adams county by the executors of said estate, in the estate proceedings, alleging the conversion of the money by plaintiff in error, the judgment of the Denver district court and the affirmance thereof by this court, and praying that petitioner be cited to appear and answer the allegations of the complaint, and upon such hearing to abide the orders of the court. Citation was issued as prayed and served on the petitioner, in response to which he appeared in person and by attorneys and submitted to examination. The citation contained the following directions to the sheriff: "These are therefore to command you, That you cite and give notice to the said Joe Urbancich to be and appear before this Court on the 9th day of February, 1951, at the hour of two o'clock P.M. for examination upon oath on the matter of said complaint, and to abide by the orders of this Court entered upon said hearing."

At the conclusion of the hearing the county court entered an order which contained, inter alia, the following:

"That the allegations of said complaint are true; that within a short time after the death of the said John Novak the said Joe Urbancich concealed, embezzled, carried away and converted to his own use money of said deceased in the amount of $5,069.87; that judgment has been heretofore rendered and entered in the District Court of the City and County of Denver, State of Colorado, against the said Joe Urbancich and in favor of said Executors of the recovery of said moneys with accrued interest in the total amount of $5,334.95, and which said judgment has been affirmed by the Supreme Court of this State; and that there is now due and owing by the said Urbancich on said judgment, with interest and costs, the sum of $5,724.08, which the said Urbancich fails and refuses to pay.

"Wherefore, the said Joe Urbancich is ordered to pay

said sum of $5,724.08 into the Registry of this Court on or before thirty days from and after the 9th day of February, 1951, and in event of his failure so to do that he be committed to the County Jail of Adams County, Colorado, for contempt for his failure to abide by this order, and there confined until he has purged himself of such contempt by compliance therewith, and that a bench warrant for his arrest and confinement hereunder shall issue if required."

Plaintiff in error failed to comply with the foregoing order, and a warrant for his arrest was issued without further affidavit or notice to him, and he was taken into custody and confined as ordered. He thereupon filed in the district court of Adams county his petition for a writ of habeas corpus. The writ issued and the respondent sheriff of Adams county filed his return. The district court conducted a hearing thereon, discharged the writ, and remanded petitioner to the custody of the sheriff. Plaintiff in error seeks review of this judgment of the district court by writ of error.

In the petition for writ of habeas corpus it was alleged that the county court exceeded its jurisdiction in entering the order and judgment of which complaint is made; that the law does not authorize imprisonment of a debtor under the facts and circumstances present; that the incarceration of plaintiff in error is in violation of Rule 107(d) R.C.P. Colo. Plaintiff in error further alleged that he had duly filed his petition in voluntary bankruptcy in the United States District Court at Denver, Colorado, in which he listed all of his provable debts including the judgment rendered against him in the district court of Denver, which formed the basis of his alleged unlawful detention; that he did not have in his possession or control any funds or assets of any kind belonging to the said estate; and that it was wholly impossible for him to comply with the order of the county court.

The district court in considering the question as

to whether the writ of habeas corpus should be made permanent was limited in its inquiry to determine whether the county court acted in excess of its jurisdiction, since only jurisdictional questions can be reviewed by proceedings in habeas corpus. One who suffers from an order or judgment which is merely erroneous has no remedy by writ of habeas corpus, but must proceed by writ of error. *In re Packer,* 18 Colo. 525, 33 Pac. 578; *Hart v. Best, Warden,* 119 Colo. 569, 205 P. (2d) 787. Counsel for plaintiff in error grounds his argument upon the assertion that the county court had no jurisdiction to order the incarceration of his client, for the reason that the notice or citation served upon him did not conform to the mandatory requirements of Rule 107 (c) and (d) of R.C.P. Colo. Pertinent provisions of the rule, which deals generally with the subject of contempt, are:

"(c) When it appears to the court by motion supported by affidavit that a contempt has been committed out of the presence of the court, it may ex parte order a citation to issue to the person so charged to appear and show cause at a time designated why he should not be punished therefor. The citation and a copy of the motion and affidavit shall be served upon such person a reasonable time before the time designated. * * * "

"(d) * * * If the contempt consists of the failure to perform an act in the power of the person to perform he may be imprisoned until its performance. In addition thereto, to vindicate the dignity of the court, if the citation so states, a fine or imprisonment may be imposed. If any such fine is not paid the court may order the contemner imprisoned until payment thereof."

### Question to be Determined.

*Under the facts and circumstances hereinabove set forth, did the county court exceed its jurisdiction in committing plaintiff in error to jail for contempt of court?*

The question is answered in the affirmative for the reasons hereinafter stated.

■ This court has held that, where a court having jurisdiction has ordered the payment of money into the registry of the court and the person to whom the order is directed fails to make the payment as commanded and contempt proceedings are instituted, the alleged contempt is constructive or indirect. In *Zobel v. People,* 49 Colo. 142, 111 Pac. 846, the court said: "We fail to discover, and counsel has not shown, wherein there was a departure from the practice which prevails in this jurisdiction in contempt proceedings. The contempt consisted in the disobedience of a lawful order made by the court for the benefit of a private litigant, and comes clearly within sec. 321 of our civil code. The order was made in a civil action, its violation constituted a civil, not a criminal, contempt, and the code provisions as to procedure are strictly applicable. *Wyatt v. People,* 17 Colo. 252, 258; 9 Cyc. 5. Not being a direct contempt, or one committed in the immediate view and presence of the court, it falls within the general class denominated constructive or indirect civil contempts. In such class of cases, by sec. 322 of our code, 'an affidavit shall be presented to the court * * * of the facts constituting the contempt.' That was done in this case."

■ Under the Code of Civil Procedure which contained provisions relating to contempt, substantially in accord with Rule 107, R.C.P. Colo., we have repeatedly held that compliance with the procedure governing contempt matters is essential before jurisdiction to punish for contempt attaches. *Griffith v. People ex rel.,* 74 Colo. 197, 219 Pac. 1072; *Coulter v. People,* 53 Colo. 40, 123 Pac. 647; *Stidger v. People,* 46 Colo. 49, 102 Pac. 745; *Thomas v. People,* 14 Colo. 254, 23 Pac. 326; *Kirby v. Rock Island & Pacific Railway Co.,* 51 Colo. 82, 116 Pac. 150.

In *Pomeranz v. Class,* 82 Colo. 173, 257 Pac. 1086, the district court entered an order in a cause, to which Pomeranz was not a party, directing him to deliver certain farm implements to one Beck, or to show cause on

or before a day fixed why he should not do so. This order was not received by Pomeranz in time to make a showing, and the court thereafter, without further notice of any kind to him, issued a warrant commanding the sheriff of the county to take him into custody, and ordered that he be confined in the jail in Adams county until such time as he should comply with the order for the delivery of the equipment to Beck. Pursuant to this warrant Pomeranz was incarcerated in jail where he was held for three days, after which he was released upon a bond posted by him for his appearance at a later date. On writ of error this court, after holding that the trial court had no jurisdiction to make the order upon Pomeranz requiring delivery of the property, stated, inter alia: "Assuming, however, but only for the purpose of this case, that the court upon the affidavit of the receiver had the power to issue the rule upon Pomeranz to deliver the beet pullers to the receiver, or show cause why he did not comply with the order, as being within the court's jurisdiction, it does not necessarily follow that the judgment of contempt which the court pronounced against Pomeranz, for not doing so, was within its jurisdiction. If the court was entirely without all jurisdiction over the person of the plaintiff, because of a failure to comply with the pertinent essential statutory steps, the contempt judgment was void, not because the court exceeded its jurisdiction, but void because of the absence of all jurisdiction of Pomeranz's person. * * * Clearly there was an entire lack of all jurisdiction on the part of the court to pronounce the judgment of contempt. Section 357 of our Code of Civil Procedure, which the court entirely ignored, provides that when a contempt is committed in the immediate view and presence of the court or judge at chambers it may be punished summarily. When, however, the alleged contempt is not so committed, an affidavit *shall* be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators.

No such affidavit was filed by any one. For that reason alone the judge was entirely lacking in jurisdiction to adjudge the plaintiff guilty."

In the instant case the only citation served upon plaintiff in error was that which commanded him to appear before the county court "for examination upon oath on the matter of said complaint and to abide by the orders of this court entered upon said hearing." At the time he appeared he was not informed by said citation that he was being subjected to proceedings in contempt. No order of the county court had as yet been entered requiring any act on his part. On the date of his appearance, the county court at one and the same time, entered the order requiring the performance of an act within thirty days, and erroneously adjudged that a warrant for the imprisonment of plaintiff in error might issue at the expiration of that time if the act commanded was not performed, all in violation of the mandatory provisions of Rule 107 R.C.P. Colo.

Whether or not plaintiff in error could be guilty of contempt for failure to obey an order entered on February 9, 1951, is to be determined by what he did, or failed to do, subsequent to that date, and there also is involved the question as to whether he was able to comply with the order and wilfully refused so to do. *Ex Parte Fuller*, 330 Mo. 371, 50 S.W. (2d) 654. The county court was wholly without jurisdiction to adjudicate guilt of contempt on the day the order was made by declaring in effect that nothing whatever short of payment of the money would be recognized as a defense, thus authorizing a commitment without further notice or affidavit or hearing of any kind.

In the foregoing we have assumed jurisdiction of the county court to entertain the complaint of the administrator which resulted in the order to pay the amount of a district court judgment into the registry of the county court.

Rule 69 R.C.P. Colo. deals with the general subject of

supplemental proceedings available to a judgment creditor to enforce collection of a judgment. Under subdivision (d) thereof the judgment debtor can be compelled to appear in the court where the judgment was rendered to answer concerning his property. By subdivision (f) the court is authorized to order any property of the judgment debtor, not exempt from execution, to be applied towards the satisfaction of the judgment. If the person to whom such order is directed fails to obey it, "he shall be punished by the court for contempt." Thus the identical remedy which was sought by the judgment creditor in the county court is specifically authorized to be exercised by the court which pronounced the judgment sought to be collected.

The citation issued out of the county court directing plaintiff in error to appear for "examination upon oath on the matter of said complaint," was unquestionably founded on section 242, chapter 176, '35 C.S.A. "This statute was enacted for the purpose of discovering property belonging to the estate, and, incidentally, to perpetuate testimony concerning the same, and for no other purpose." *Durst, Admr. v. Haenni,* 23 Colo. App. 431, 130 Pac. 77. "The statute is in two parts. The first authorizes a proceeding, inquisitorial in its nature, designed especially as an economical and efficient mode of discovering property of an estate. Thereunder no order can properly be made in regard to the property, if any, in the hands of the party examined, the object being to aid the parties interested in discovering property belonging to an estate of a deceased person, and as preliminary to the bringing of some proper action for the recovery thereof. Only the person cited to appear may be examined and the matters involved are not to be heard as on a trial. The court or judge may not try any issue of fact as to whether the person under examination is in the wrongful possession of property of the estate or indebted thereto. This provision cannot be employed to enforce the payment of a debt or liability for the conversion of

property of an estate, or to try controverted questions of the right to property as between the representative of an estate and others." *Vick Roy v. Morgan, Admx.*, 62 Colo. 122, 160 Pac. 1030.

■ It follows, therefore, that after the administrator had judgment in the district court for the recovery of the moneys in question, further proceedings to effect collection of the judgment should have been presented to the district court which entered it. The county court was without jurisdiction to enter the order commanding plaintiff in error to pay the amount involved into the registry of the county court.

■ We realize that the case of *Munson v. Luxford*, 95 Colo. 12, 34 P. (2d) 91, is out of harmony with the views hereinabove expressed, and seems to have been the case upon which the trial court relied in discharging the writ of habeas corpus and remanding plaintiff in error to the custody of the sheriff. The opinion in that case was in department. We make no attempt to distinguish it from the instant case, just as there, no attempt was made to reconcile the well-established principles of law announced in the cases hereinabove cited. We cannot adhere to the reasoning of that case, and after thorough re-examination now expressly overrule it, in so far as it is inconsistent with the views expressed herein.

The judgment is reversed and the cause remanded with directions to discharge plaintiff in error from custody.