[No. 4664.]

ORTIZ ET AL. v. HANSEN.

1. **Water Rights—Obstruction of Stream—Duty of Water Commissioner.**

It is the duty of the water commissioner to keep the natural streams of his district clear of unnecessary dams or other obstructions which prevent the flow of the water in such stream, and said commissioner may remove such an obstruction without an order of court or a ditch owner who is deprived of water by such obstruction may by legal action compel the removal thereof.

2. **Eminent Domain—Other Remedies.**

Where the legislature has delegated to a private individual the power of eminent domain, that remedy may be followed although other remedies are available.

3. **Water Rights—Eminent Domain—Channel of Stream.**

The constitution and statutes confer upon private individuals the power of eminent domain for the right of way for irrigation ditches, but neither the constitution nor any statute authorizes a private individual to maintain a condemnation suit for the benefit of himself and others similarly situated and as

a trustee of the public to take lands belonging to still other persons for an artificial channel of a natural stream where the natural channel has been obstructed so as to prevent water from flowing down to the ditch of such private individual.

4. **Same—Pleading.**

In a condemnation proceeding where the petitioner filed his petition in his own behalf and of others similarly situated and as trustee for the public for the purpose of acquiring a strip of land for an artificial channel of a natural stream that had been obstructed and the court entered a decree which had the effect to vest title to said right of way in petitioner as trustee for the public the appellate court cannot treat as surplusage the allegations of the petition which assert petitioner's right to proceed in a representative capacity and treat the proceeding as one brought by him in his individual capacity and for his exclusive benefit.

*Error to the County Court of Conejos County: Hon. A. B. Ruby, Judge.*

Proceedings under the eminent domain act. The La Jara river is a natural stream situated in water district No. 21 of this state, of which Hot creek is a tributary. Peter Hansen, the petitioner and defendant in error here, is an appropriator of water direct from the river for irrigating his agricultural lands. Juan Gallegos, who is not a party to this proceeding, wrongfully appropriated and took possession of and put obstructions in the natural channel of Hot creek, and thus prevented waters from flowing into the channel of the La Jara river into which otherwise they would have emptied and contributed to its volume. By reason of the unlawful act of Gallegos, Hansen was deprived of a large volume of water to which he was entitled. He thereupon filed this petition, in his own behalf and of others similarly situated, and as the trustee of the general public, for the purpose of acquiring a strip of land owned by respondents, who are plaintiffs in error here, for the purpose of making an artificial channel for a

portion of Hot creek lying below the point of obstruction already mentioned and the head gate of his ditch in the La Jara river. Over the objections of respondents that no such power is conferred upon Hansen, the court conducted the proceedings to a conclusion in accordance with the forms and method prescribed in the eminent domain act, and entered a decree vesting in Hansen, in his representative capacity, title to parcels of land of respondents for such purpose.

Mr. GEORGE T. SUMNER, for plaintiffs in error.

Messrs. ROGERS, SHAFROTH & GREGG and Mr. C. A. MERRIMAN, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

From the foregoing statement it would appear that Hansen had an adequate remedy aside from any claimed under the eminent domain act. Under section 2391, 1 Mills' Ann. Stats., it was the duty of the water commissioner of that district to keep the natural streams clear of unnecessary dams or other obstructions, and that officer might, without an order of court, remove the obstruction of which the petitioner complains, and petitioner himself, as a ditch owner, by legal action, could compel Gallegos to remove it. If, however, the legislative department has, in such a case, delegated to a private individual the power of eminent domain, this remedy may be open to petitioner, even though other remedies are available; for that department of government determines the necessity for the exercise of this sovereign power, while the courts may ascertain if the use is of the character contemplated.

Under section 2257, 1 Mills' Ann. Stats., if any person who owns farming land which has not sufficient length of area exposed to a stream to obtain a

sufficient fall of water to irrigate it, or where his land is too far removed from the stream to build a ditch dire tly therefrom to the lands wholly upon the same, he may, if necessary to that end, take and condemn lands belonging to others for a right of way for a ditch to divert and carry water from the stream to irrigate his own lands; and if, in any case, after having built a ditch for the purpose of carrying water to his lands from a natural stream, its channel becomes changed from any cause, so as to prevent the ditch from receiving the proper inflow of water to which it may be entitled, the owner has the right to extend the head of the ditch for such distance up the stream as may be necessary for securing a sufficient flow of water for his purpose, and may have the right to maintain proceedings for condemnation of right of way for such extension. This is the statute which gives to a private person the power to invoke the power of eminent domain for a private use.

The petitioner here has not brought himself within its purview. The right which he here asserts is not conferred by it. We do not say that petitioner may not, under this law, acquire lands of the respondents, where the taking of the same is necessary in order to enable him to avail himself of his appropriation. Indeed, he may do so. But he has not brought these proceedings for his own benefit solely. In a representative capacity, as well as in his own right, and as a trustee for the public, whatever that means, he seeks to acquire lands of respondents for the purpose of making an artificial channel for a natural stream which has been wrongfully obstructed which will enable him, in his individual capacity, to utilize an individual right.

The sovereign power of eminent domain may be delegated by the constitution or by an act of the legislature, and property of every kind, whether

public or private; may be taken for an authorized public or private use. Our constitution and the statutes passed in pursuance thereof have, as we have said, conferred upon private persons the right to take land for a private use, such as ditches for irrigating agricultural lands. Such authority, whether found in the constitution or statute, must be strictly construed and limited to the persons and the uses specified, and must not be extended. Neither the constitution nor any statute to which our attention has been called authorizes a private individual to maintain a condemnation suit for the benefit of himself and others similarly situated and as a trustee of the public to take lands belonging to still other persons for a channel of a natural stream or permits a court to vest title thereto in a private individual as trustee for the public.

The county court entered a decree in this case which had the effect of a conveyance of this right of way to Hansen in trust for the public. We do not think its proceeding was authorized. We cannot, at the request of the defendant in error, treat as surplusage the allegations of the petition which assert the right of Hansen to proceed in a representative capacity and treat the proceeding as one brought by him in his individual capacity and for his exclusive benefit. This is not a case where he is seeking to acquire under the statutes of this state merely a right of way for or extension of a ditch to enable him to utilize a valid appropriation of water, or to utilize the channel as a conduit for such purpose; but it is a proceeding which he has brought for himself and others similarly situated, and as trustee for the general public, to acquire lands of private individuals for an artificial channel of a natural stream.

Whether the state itself or one of its political sub-divisions may institute and maintain such a proceeding, or whether Hansen, for himself alone, may, by condemnation, appropriate the channel of a natural stream and use it as part of a ditch, are questions not before us. The judgment should be reversed and the cause remanded with instructions to the county court to dismiss the petition.    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.