No. 21083.

ROBERT N. METCALF *v.* C. D. ROBERTS.
(406 P.2d 103)

Decided October 4, 1965.

TULL, ROBINSON and TILTON, ZARLENGO, ZARLENGO and SEAVY, for plaintiff in error.

B. F. NAPHEYS, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties by name.

Roberts instituted a suit in the Denver District Court against Metcalf, the subject matter of which is not important to the determination of this writ of error. In the course of the proceedings Roberts sought to obtain the oral deposition of Metcalf; and the latter, in turn, asked the District Court, under Rule 30, R.C.P. Colo. for certain protective orders.

He asked the court for protection from questions which might compel answers concerning secret processes, developments and research which he claimed

were confidential and trade secrets. The court denied the request for protective orders other than to require that the deposition should be attended by none other than the parties and their lawyers, and that the deposition be sealed and filed with the Clerk of the District Court.

Among other things the court ordered, "* * * at said deposition questions may be asked and shall be answered by the deponent and defendant Robert N. Metcalf, concerning *any* secret processes, developments or research by him * * * as well as *any other questions desired to be asked* by counsel during said deposition. * * *" (Emphasis supplied.)

At the taking of the deposition Metcalf answered some questions pertaining to processes, developments and research made by him, but, on advice of counsel, he refused to answer questions concerning formulae which he deemed were outside the proper realm of inquiry and therefore immaterial to the determination of the action against him. Whereupon a motion was filed by Roberts requesting the court to cite Metcalf for contempt.

A citation was issued. After hearing, the court entered an order finding Metcalf "in contempt of court" and allowing him "twenty days * * * to purge himself of such contempt by answering the questions he refused to answer in his deposition, * * *." It was ordered that upon his failure to purge himself, Metcalf be confined in the county jail "until he purges himself of such contempt." It is to the judgment of contempt that this writ of error is directed. Ground for reversal is that the order is void as not being entered in conformance with Rule 37 (a) and (b) (1), R.C.P. Colo.

▆ We hold the court was in error and the judgment of contempt was premature and not in accordance with our Colorado Rules of Civil Procedure.

▆ It is an undisputed rule that strict compliance with contempt procedures must be followed before

jurisdiction to adjudicate contempt and punishment therefor attaches. *Urbancich v. Mayberry,* 124 Colo. 311, 236 P.2d 535.

█ The only provision for contempt to be adjudged during discovery proceedings is under Rule 37 (a) and (b) (1). *Salter v. Commissioners,* 126 Colo. 39, 246 P.2d 890.

Rule 37 (a) states:

"If a party or other deponent refuses to answer any question propounded upon oral examination, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. Thereafter, on reasonable notice to all persons affected thereby, he may apply to the court in which the action is pending for an order compelling an answer. * * *"

Rule 37 (b) (1) provides:

"If a party or other witness refuses to be sworn or refuses to answer any question after being directed to do so by the court in which the action is pending, the refusal may be considered a contempt of that court."

█ No court order was issued pursuant to this rule. The only order of the court prior to the ruling of contempt was one requiring Metcalf to answer *"any questions desired to be asked by counsel."* Violation of such a broad order cannot be adjudicated until the procedure provided in Rule 37 is complied with.

█ Rules 37 (a) and (b) (1) must be read together and contemplate a specific order to answer specific questions. Then follows an opportunity to resume the taking of the deposition and if there then occurs a refusal by the deponent to answer the specific questions as ordered, citation for contempt may issue.

█ The adjudication of contempt was void and therefore the order providing for the opportunity to Metcalf to purge himself of contempt within twenty days was likewise void. That a jail sentence faced Metcalf upon the expiration of the twenty day period, points up the

finality of the court order and the premature judgment of contempt.

Metcalf has requested in this writ of error that we rule on the validity of the questions propounded. This we decline to do. The only matter before us on this writ of error is the validity of the judgment of contempt.

The judgment is reversed and the cause remanded to the court to conduct further proceedings not inconsistent with the views herein expressed.

Mr. Justice Sutton and Mr. Justice Frantz concur.