**Harry F. WEST and Nicki J. West, Plaintiffs–Appellants,**

**v.**

**Charles F. HINKSMON and Maria T. Hinksmon, Defendants–Appellees.**

**No. 91CA1880.**

Colorado Court of Appeals, Div. II.

Dec. 31, 1992.

As Modified on Denial of Rehearing Feb. 25, 1993.

Certiorari Denied Aug. 30, 1993.

Dietze, Davis and Porter, P.C., Peter C. Dietze, Robyn W. Kube, Boulder, for plaintiffs-appellants.

Faegre & Benson, Joseph M. Montano, Diane B. Davies, Denver, for defendants-appellees.

Opinion by Judge PIERCE.

Harry and Nicki West appeal from a judgment denying them a private way of necessity and from the award of attorney fees against them. We vacate the judgment and remand for further proceedings.

The Wests purchased 160 acres of unimproved mountain property in 1981. Charles and Maria Hinksmon purchased approximately 80 acres of unimproved land adjoining the Wests' eastern boundary in 1987. A way known as San Pablo Canyon Road traverses the Hinksmons' property from the south to the northeast. Until 1987, the Wests accessed their property along San Pablo Canyon Road, then west along an intersecting logging road across the Hinksmon property. The Wests' use of the logging road was a higher use and was apparently permissive and allowed by the Hinksmons' predecessor-in-title. Access to the Wests' property along the logging road was subsequently blocked by the Hinksmons' grantor. The Wests thereafter unsuccessfully attempted to purchase an access easement over the Hinksmon property along the logging road.

The Wests then commenced this action alleging a private right for condemnation pursuant to § 38–1–101, et seq., C.R.S. (1982 Repl.Vol. 16A) and Colo. Const. art. II, § 14. They alleged their property was landlocked and without public access for ingress and egress. The Wests asserted that the logging road, as surveyed, constituted the most practical and feasible route to their property and that despite good faith attempts at negotiation, no agreement for the claimed necessary right of way had been reached. The Hinksmons answered and asserted, among other things, that other practical and more feasible routes not located on the Hinksmons' property were available to the Wests and that the Wests' proposed access was selected without consideration of the damages that would be sustained to the servient estate. The Hinksmons further alleged that other less damaging routes across their property existed.

Following a bench trial, the court found the Wests' property was landlocked, as alleged; access was indispensable to the practical use of the property; the Wests had undertaken good faith negotiation for access; and the proposed way was the cheapest, most practical, and most direct route. However, the court refused to enter judgment for the Wests. Rather, it concluded that the proposed way was not warranted because the Wests had failed to consider alternate routes that might be more reasonable and practical in view of the potential damage to the Hinksmon property. Thus, the trial court dismissed the claim and subsequently granted the Hinksmons some $40,000 in costs and attorney fees.

The Wests now argue that having first found the proposed way a practical one, the trial court acted improperly in determining that the possible existence of alternate ways precluded judgment for them. In the alternative, the Wests contend the court should have established an alternate route over another portion of the Hinksmons' property and should not have dismissed the complaint. Finally, they assert that the award of attorney fees is improper and

unauthorized. We conclude that further proceedings are required.

## I.

At issue here is the general location of the way. The trial court concluded in effect that plaintiffs were required to consider the availability of other routes over adjoining lands as well as that over defendants' land, and it impliedly held that plaintiffs must prove the way selected in the petition is the most reasonable.

■ Under Colo. Const. art. II, § 14, and § 38-1-102, C.R.S. (1982 Repl.Vol. 16A), private property may not be taken for private use without the consent of the owner, except for, among other uses, private ways of necessity. Such ways are not limited to a common law way of necessity, which is an easement founded on the implied grant of an owner of a single tract subsequently divided, *State Department of Highways v. Denver & Rio Grande Western R.R. Co.,* 789 P.2d 1088 (Colo.1990), but also include ways for reasonable and practical access to property otherwise isolated. *Crystal Park Co. v. Morton,* 27 Colo.App. 74, 146 P. 566 (1915).

■ A petition for private condemnation will lie to obtain access indispensable to the practical use of the property for which it is claimed. *Bear Creek Development Corp. v. Dyer,* 790 P.2d 897 (Colo.App.1990).

■ In Missouri, under constitutional provisions similar to those in Colorado, a condemnor's claim may be defeated if (1) another reasonably practical way exists to the condemnor's land and (2) the condemnor has a legally enforceable right to use it. The condemnor may choose between adjoining landowners against whom he wishes to proceed, and the defendant may not defeat the claim simply by pointing to another landowner against whom plaintiff might have proceeded. *Hill v. Kennoy, Inc.,* 522 S.W.2d 775 (Mo.1975). The burden of pleading and proving the existence of an alternate way in such a proceeding is upon the condemnee, including its practicality and cost. *Reid v. Jones,* 594 S.W.2d 339 (Mo.App.1980).

■ If an alternate route exists, an action for a way of necessity may still lie if the alternate route is impractical, unreasonable, or prohibited by cost grossly in excess of the value of the dominant estate. *LeSatz v. Deshotels,* 757 P.2d 1090 (Colo.App. 1988). Also the remedy of private condemnation may be selected and pursued by a condemnor even if other remedies (including an action for trespass and injunction against one not made a party) are available to petitioner. *Ortiz v. Hansen,* 35 Colo. 100, 83 P. 964 (1905).

■ The location of a way of necessity may be along an existing way historically used by the condemnor, if the way is otherwise supportable. *Merrick v. Lensing,* 622 S.W.2d 260 (Mo.App.1981). *See also Isenberg v. Woitchek,* 144 Colo. 394, 356 P.2d 904 (1960).

In support of the trial court's judgment, defendants principally rely upon *Arizona–Colorado Land & Cattle Co. v. District Court,* 182 Colo. 44, 511 P.2d 23 (1973). That case concerned an action by a public service company to condemn an easement for power lines on the cattle company's property. The condemnee objected, arguing that it would be unnecessarily injured by the proposed route and would suffer much less damage if an alternate route was used. Our supreme court recited existing law that the location and necessity of a particular route chosen for condemnation by a public agency is determinative unless the condemnor's fraud or bad faith is established by the condemnee. It further concluded that if the taking of a particular easement would entail a loss to the condemnee which might readily be avoided, the trial court may consider this factor in determining whether the agency is acting in bad faith.

The supreme court in *Arizona–Colorado Land* relied upon the holding of a prior case, *Union Pacific R.R. Co. v. Colorado Postal Telegraph–Cable Co.,* 30 Colo. 133, 69 P. 564 (1902), which involved a utility's action to condemn a right of way along a railroad's property for construction of a

telegraph. The railroad argued that the route selected was not necessary because a public highway existed adjacent to the railroad's property upon which the petitioner, by statute, was authorized to place its line. The supreme court determined that the route selected was decisive unless the railroad demonstrated the condemnor's bad faith or malicious motive, or that the taking would result in great loss which might readily be avoided. The court concluded the railroad had not met its burden and had failed to show how it would suffer in any greater degree than other landowners (railroads) burdened with telegraph lines.

We consider defendants' reliance on these cases to be misplaced. A close reading of *Arizona–Colorado Land* reveals that the alternate route proposed by condemnee was across its own land, and in *Union Pacific*, the alternate route was across land *not owned* by the condemnee, and the alternate way was refused by the court. In any event, in both cases, utilities appeared as condemnors seeking at least a quasi-public use, and in such cases, the necessity and location of the proposed taking is conclusive, unless upon proper proof condemnees establish fraud or bad faith. *Arizona–Colorado Land v. District Court, supra. Cf.* § 38–1–101.5, C.R.S. (1982 Repl.Vol. 16A) (a condemnor seeking a way for a pipeline must show the route selected is the most direct and practicable). In this regard, the condemnor retains the burden of proving necessity in general as the *prima facie* case.

■ In light of the foregoing authorities, we determine that, as to the nature of what constitutes alternate private access across property not owned by defendants (if pled by defendant as a defense), defendants should assume the burden of establishing (1) the existence of an acceptable alternate route and (2) that plaintiffs have the present enforceable legal right to use it. *See Hill v. Kennoy, supra; Billington v. Yust,* 789 P.2d 196 (Colo.App.1989). This is so because the sole existence of an alternate route does not, by that fact alone, bar an action for a way of necessity in that it is not imperative that the necessity be absolute; rather, it must be reasonably necessary under the facts and circumstances of the case. *LeSatz v. Deshotels, supra; see also Brown v. McAnally,* 97 Wash.2d 360, 644 P.2d 1153 (1982).

■ Similarly, the condemnee should be permitted, upon proper proof, to show that an acceptable alternative route across condemnee's property exists which would be less damaging than that proposed by condemnor. *Arizona–Colorado Land v. District Court, supra.* This knowledge is more readily available to the condemnee than to the condemnor who is not in possession of the proposed condemned property.

## II.

■ Attorney fees were awarded to defendants under § 38–1–122(1), C.R.S. (1982 Repl.Vol. 16A), which allows fees if a petitioner is not "authorized by law to acquire real property or interests therein sought in a condemnation proceeding." In *Billington v. Yust, supra,* a private condemnation proceeding, this court allowed fees since the trial court made the finding that the condemnor had the present right of a reasonable, common law way of necessity across another's land. Since this alternate way was already possessed, the appellate court agreed that condemnor was not "authorized by law" to bring the action.

We agree that attorney fees should be allowed the condemnee if it is established that an alternate acceptable route is legally available to the condemnor at the time the action is commenced. However, no attorney fees should be allowed to a condemnee if the condemnee establishes the existence of an acceptable alternate way across his own property.

In the first case, a condemnor's action is not "authorized by law" because necessity was absent, and in the latter, no attorney fees will lie because the elements have been proved except for the exact location of the way, a question more easily put in issue by the condemnee for resolution by the court, and the outcome of which may sometimes inure to the benefit of condemnee. Furthermore, a condemnee's se-

lection and proof of a less damaging way amounts to no more than a condemnee's mitigation of his own damages, and a condemnee should be compensated only to the degree he is damaged. *See Bubb v. Christensen*, 200 Colo. 21, 610 P.2d 1343 (1980).

### III.

Defendants contend that plaintiffs should be barred from recovery since they voluntarily purchased landlocked property. However, the trial court found plaintiffs innocent in this regard, apparently because plaintiffs had at least obtained permissive use along the logging road from defendants' predecessor in title. We do not think a potential condemnor should be prevented from bringing an action merely because such condemnor at one point had permissive access. *See Brown v. McAnally, supra; Merrick v. Lensing, supra.*

### IV.

The trial court found that the property is landlocked and this finding is not disputed on appeal; thus, defendants' proof must be limited to alternate access over their ground. Since defendants have offered evidence of such routes, the trial court should make findings as to whether the proof established an acceptable alternate route. If not, the way prayed for should be granted. Because the rulings of the trial court shut off complete examination, either party must be allowed to present further evidence regarding this limited issue at the further proceedings.

The judgment is vacated and the cause is remanded for further proceedings consistent with this opinion.

REED and RULAND, JJ., concur.