Keith D. MINTO and Georgina L. Minto, Plaintiffs–Appellees,

v.

Bill LAMBERT, Defendant–Appellant.

No. 92CA1393.

Colorado Court of Appeals, Div. II.

Oct. 7, 1993.

Rehearing Denied Nov. 12, 1993.

Certiorari Denied April 4, 1994.

Nelson, Reid & Schwartz, Daniel W. Dean, Fort Collins, for plaintiffs-appellees.

Warberg & Associates, P.C., Sonja E. Warberg, D. Chet Mast, Fort Collins, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Bill Lambert, appeals the judgment entered in favor of plaintiffs, Keith and Georgina Minto, on their claim for condemnation of a private way of necessity on Lambert's property. He asserts that the court did not have subject matter jurisdiction; the Mintos failed to establish that they were entitled to the easement; the amount of compensation awarded by the court was inadequate; and he should have been awarded attorney fees. We affirm.

Lambert owns approximately 22.5 acres of mostly undeveloped real property. The Mintos own a parcel of property adjoining Lambert's.

The Mintos commenced this action seeking to establish a common law way of necessity across Lambert's property. They amended their complaint to add a claim for condemnation of a private way of necessity under § 38-1-101, et seq., C.R.S. (1982 Repl.Vol. 16A), and Colo. Const. art. II, § 14, and proceeded to trial only on that claim.

Following a bench trial, the court entered an order condemning a way of necessity across Lambert's property. Lambert was awarded $500 in compensation.

## I.

Lambert first contends that the Mintos failed to prove as a prerequisite to the commencement of this action that they conducted reasonable good faith negotiations with him to purchase an easement, but were unable to reach an agreement. We conclude that Lambert cannot prevail on this issue because he did not bring it to the attention of the trial court.

Section 38-1-102, C.R.S. (1982 Repl.Vol. 16A) provides that reasonable good faith efforts to negotiate and the failure to agree upon compensation is a prerequisite to the commencement of a condemnation proceeding. *Board of County Commissioners v. Auslaender*, 745 P.2d 999 (Colo.1987).

In their amended complaint, the Mintos alleged that "[they had] previously attempted in good faith to purchase an easement from [Lambert] prior to the filing of this action, but such efforts ha[d] been unsuccessful." Lambert entered a general denial of this allegation. However, the issue was never raised by Lambert at trial or otherwise brought to the attention of the trial court.

An initial question is whether Lambert's general denial properly preserved the issue for trial. Under C.R.C.P. 9(c), it is sufficient for a plaintiff to aver generally that conditions precedent have been performed or have occurred. However, a denial of performance or occurrence must be made "specifically and with particularity." The purpose of this requirement is to put the plaintiff on notice of the need to prove the specific condition precedent. *Cf. National Surety Co. v. Queen City Land & Mortgage Co.*, 63 Colo. 105, 164 P. 722 (1917). Under this rule, a general denial of an allegation that all conditions precedent have been satisfied is not sufficient. *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1304 (1990).

Here, the Mintos had not alleged generally that they met all the conditions precedent to bringing their action. Instead, they alleged specifically that they attempted in good faith to purchase an easement from Lambert, but that their efforts were unsuccessful. Lambert's denial was general, but it was in response to the specific condition precedent in question.

We need not determine whether Lambert's general denial satisfied the requirements of C.R.C.P. 9(c). This is because the issue in any event was not properly

preserved at trial. It therefore cannot serve as a basis for our review of the judgment.

█ In the absence of unusual circumstances, issues raised in the pleadings but not presented at trial will not serve as a basis for review. *See Stanspec Corp. v. Jelco, Inc.,* 464 F.2d 1184 (10th Cir.1972); *see also King v. Stevenson,* 445 F.2d 565 (7th Cir.1971); *RRLH, Inc. v. Saddleback Valley School District,* 222 Cal.App.3d 1602, 272 Cal.Rptr. 529 (1990). This rule, distinct from the requirements of C.R.C.P. 9(c), derives from the fact that an appellate court is a forum for review. Thus, even if raised in the pleadings, an issue should ordinarily also be brought to the attention of the trial court for ruling before it can be claimed as error on appeal. *See Todd v. Shrum,* 302 Ark. 83, 787 S.W.2d 240 (1990); *International Business Machines Corp. v. Lawhorn,* 106 Idaho 194, 677 P.2d 507 (App.1984). And, we are not persuaded that any exception to this requirement is justified in the circumstances here. *See Kaschke v. Camfield,* 46 Colo. 60, 102 P. 1061 (1909) (if property owner fails to contest an allegation that the parties could not agree on compensation, the right to condemn will be deemed admitted); *cf. Patterson v. Cronin,* 650 P.2d 531 (Colo.1982).

Lambert argues that the rule should not apply here because a failure to negotiate in good faith deprives the court of subject matter jurisdiction, which can be raised at any time. We disagree.

█ It is true that our supreme court on a number of occasions has described the requirement of good faith negotiations as "a jurisdictional prerequisite" to filing a condemnation action. *See Board of County Commissioners v. Auslaender, supra; Kaschke v. Camfield, supra.* It is equally true that subject matter jurisdiction cannot be waived, *see Triebelhorn v. Turzanski,* 149 Colo. 558, 370 P.2d 757 (1962), and can be raised at any time. *See Sanchez v. State,* 730 P.2d 328 (Colo.1986); C.R.C.P. 12(h)(3).

However, "jurisdiction" has proven to be "a word of elastic, diverse, and disparate meanings." *See Lacks v. Lacks,* 41 N.Y.2d 71, 73–74, 390 N.Y.S.2d 875, 877, 359 N.E.2d 384, 386 (1976). In particular, there has been confusion about subject matter jurisdiction because of a blurring of the distinction between the appropriate exercise of power and the absence of power. *See Mesolella v. City of Providence,* 508 A.2d 661 (R.I.1986).

Consistent with this distinction, our supreme court has held that subject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment, not its authority to enter a particular judgment in that class. *See Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508 (Colo.1986); *In re Marriage of Stroud,* 631 P.2d 168 (Colo.1981).

The only restriction on a district court's subject matter jurisdiction our supreme court has expressly recognized that arguably applies to a class of cases within that jurisdiction involves claims of sovereign immunity. In *Trinity Broadcasting of Denver, Inc. v. Westminster,* 848 P.2d 916 (Colo.1993), the court concluded that an asserted failure to comply with the notice requirement of the Governmental Immunity Act, § 24–10–109, C.R.S. (1988 Repl.Vol. 10A), should have been treated by the trial court as a motion to dismiss for lack of subject matter jurisdiction.

The supreme court based its conclusion on both the statute and general principles of sovereign immunity. The statute provided that compliance was a "jurisdictional prerequisite." The court further noted that the terms by which a sovereign consents to be sued must be strictly followed because they "define [the] court's jurisdiction to entertain the suit." *Trinity Broadcasting of Denver, Inc. v. Westminster, supra,* 848 P.2d at 924. And, lack of compliance resulted in complete immunity from any further suits based on the same claim.

In contrast, § 38–1–102 does not expressly provide that the requirement of good faith negotiations is a "jurisdictional prerequisite." It is more similar to a prior version of § 24–10–109, which had provided that substantial compliance was merely a "condition precedent." The supreme court had interpreted that version of § 24–10–109 not to implicate jurisdiction. *Nowakowski v. District Court,* 664 P.2d 709 (Colo.1983). The result was that liability could exist when immunity had

not been raised as a defense. *Valdez v. City & County of Denver,* 764 P.2d 393 (Colo.App. 1988).

Section 38–1–102 also does not involve the sovereign's consent to be sued, but rather imposes a condition on the right to condemn private property. Nor does failure to comply with the requirement provide complete immunity from any further suit. The owner successfully resisting the condemnation based on failure to negotiate in good faith may be subject to another suit after there has been compliance with the requirement.

Finally, our supreme court has concluded that § 38–1–102 merely provides the property owner the privilege of controverting the petitioner's right to condemn. If the property owner fails to do so, an allegation of good faith negotiation and failure to agree will be deemed admitted. *Kaschke v. Camfield, supra.*

■ We therefore conclude that the requirement of good faith negotiations under § 38–1–102 is not a restriction on the court's subject matter jurisdiction. The condition precedent is merely an element of the claim for relief. *Cf. Lacks v. Lacks, supra.*

District courts in Colorado derive their authority from Colo. Const. art. VI, § 9. That section provides that the district courts are courts of general jurisdiction and have original jurisdiction in all civil, probate, and criminal cases, with the exception of certain limitations not applicable in this case. Section 38–1–102 provides no restriction on this grant of subject matter jurisdiction. Thus, any lack of good faith negotiations, though an error in the proceedings, did not affect subject matter jurisdiction. *See People in Interest of Clinton,* 762 P.2d 1381 (Colo.1988). As a result, we will not address on appeal the asserted failure to negotiate in good faith because the issue was not brought to the attention of the trial court.

## II.

Lambert next asserts the trial court erred in concluding that the Mintos had sufficiently proven that they were entitled to condemn a private way of necessity. The argument is premised on three separate contentions.

## A.

Lambert first contends that a remedy for an implied common law easement exists across certain other property abutting the Mintos. He argues that because of the existence of this remedy, the Mintos should not be permitted to condemn a private way of necessity across his property. We disagree.

■ The right to condemnation of a private way of necessity exists when the need to condemn is reasonably necessary and when the common law or other legal remedies do not provide a present enforceable legal right to an alternate mode of access which is both reasonable and practical. *West v. Hinksmon,* 857 P.2d 483 (Colo.App.1992); *see also State Department of Highways v. Denver & Rio Grande Western R.R. Co.,* 789 P.2d 1088 (Colo.1990).

■ A common law implied way of necessity exists when an owner of land subdivides his property and implicitly reserves or grants an easement for ingress and egress for the parcel that is landlocked by the subdivision across the parcel that is not landlocked. *Wagner v. Fairlamb,* 151 Colo. 481, 379 P.2d 165 (1963).

Here, Lambert has not pointed to any evidence in the record which would indicate common ownership at any time of the Mintos' property and the other abutting property. *See West v. Hinksmon, supra.* There is thus no basis for finding any error in the trial court's ruling.

## B.

Lambert also argues that a party should be precluded from condemning a private way of necessity if that party knew or should have known that the property it was acquiring was landlocked at the time title to the property was acquired. However, there is no indication in the record on appeal that this issue was raised before the trial court. We therefore decline to address it. *Wilson v. Board of City Commissioners,* 703 P.2d 1257 (Colo.1985).

## C.

Lambert next asserts that the trial court erred in concluding that the Mintos were not precluded by inexcusable delay from commencing this action. We find no error.

■ This argument was apparently made in support of Lambert's affirmative defense of laches. Laches implies an unconscionable delay in enforcing a claimed right that results in a prejudicial effect on the person asserting the defense. It generally requires a change of position relative to the subject matter of the litigation, rendering it inequitable for the party asserting his or her rights to succeed. A delay in the bringing of an action which does not work to defendant's detriment does not bar the plaintiff's action. *Board of County Commissioners v. Blanning,* 29 Colo.App. 61, 479 P.2d 404 (1970); *see Colorado Ground Water Commission v. Dreiling,* 198 Colo. 560, 606 P.2d 836 (1979).

■ Neither the court's ruling nor the record here indicates the basis upon which the court rejected this contention. However, even if we were to assume that the doctrine of laches can apply to an action in private condemnation, it provides no basis for relief here.

At trial, Lambert testified that he was prejudiced because he had expended large amounts of money and personal resources to enhance the value of the property. He objected that the requested easement would result in traffic that would be visible from the location where he planned to build a home.

In response to Lambert's objection, the court granted his request that the easement be located on an alternative location on his property. Lambert has failed to point to any evidence in the record which establishes that the improvements would be impacted by the easement in the alternative location, or that he has suffered any prejudice not covered by the compensation award. We therefore find no error in the trial court's ruling.

## III.

Lambert also contends that the trial court awarded an insufficient amount of compensation for the easement. Essentially, his argument is that the trial court abused its discretion because its award of compensation is contrary to the weight of the evidence. We find no abuse of discretion in the trial court's award.

■ The amount of compensation to be awarded is a factual determination that will not be disturbed unless it is not supported by sufficient evidence. *See Dillinger v. North Sterling Irrigation District,* 135 Colo. 95, 308 P.2d 606 (1957); *Epstein v. City & County of Denver,* 133 Colo. 104, 293 P.2d 308 (1956).

■ The crux of Lambert's contention at trial was that the easement substantially depreciated the value of his property because of the impact on its "pristine" character. The court recognized Lambert's argument, but found that Lambert had not shown any significant damage that would result from the easement in the location requested by Lambert.

The record supports the trial court's findings regarding the impact of the easement and the compensation granted. Thus, we will not disturb those findings or the order of compensation.

## IV.

Because we affirm the trial court judgment, we reject Lambert's remaining contention pertaining to attorney fees.

The judgment is affirmed.

METZGER and REED, JJ., concur.