**Leon S. FREEMAN, Jr.,**
**Plaintiff–Appellant,**

v.

**The ROST FAMILY TRUST, and Randy Rost, as Trustee for the Rost Family Trust, Defendants–Appellees.**

**No. 97CA2123.**

Colorado Court of Appeals,
Div. V.

Feb. 4, 1999.

Victor F. Boog, P.C., Victor F. Boog, Robert R. Gunning, Lakewood, Colorado, for Plaintiff–Appellant

Stephen A. Groome, Conifer, Colorado, for Defendants–Appellees

Opinion by Judge VOGT.

Plaintiff, Leon S. Freeman, Jr., appeals from the trial court judgment dismissing his private condemnation action against defendants, The Rost Family Trust and Randy Rost, and awarding defendants their attorney fees and costs. We reverse and remand for further proceedings.

This action concerns adjoining parcels of land in Jefferson County. Defendants own an 80–acre parcel situated to the north of two adjacent 40–acre parcels which were previously owned by plaintiff's predecessor, the Estate of Ray V. Collins (Collins). A county road runs north and south through defendants' parcel, curves to the east, and passes through the east Collins parcel.

In 1974, Collins sold the east 40–acre parcel to the Helkers. Because that left the west parcel without access to the county road, the Helkers granted Collins a 50–foot–wide easement over a 3.64 acre strip of land between the road and the west boundary of their property.

In March 1975, Collins repurchased the 3.64 acre strip, including the 50–foot–wide easement. Two months later, Collins sold both the west parcel and the 3.64 acre tract to plaintiff.

In 1977 or 1978, Jefferson County relocated the county road, moving it 30 to 50 feet towards the northeast and raising it approximately 10 to 15 feet. The county road was no longer adjacent to plaintiff's property, and plaintiff's property did not have access to any other public road.

In 1996, plaintiff commenced this private condemnation action, alleging that because his property was landlocked, he was entitled to a private way of necessity over defendants' property that would allow access to the county road. After a hearing, the trial court found that plaintiff could enforce an easement across the Helker parcel to the county road "by virtue of the existing easement that is of record" and accordingly dismissed plaintiff's petition. This appeal followed.

I.

Under Colo. Const. Art. II, § 14, and § 38–1–102, C.R.S.1998, private property may be taken for private use without the owner's consent if the plaintiff establishes a need for a private way of necessity. Private ways of necessity are passageways or roadways necessary in the sense that they are indispensable to the practical use of the property for which they are claimed. *Crys-*

*tal Park Co. v. Morton,* 27 Colo.App. 74, 146 P. 566 (1915).

■ The right to condemnation of a private way of necessity exists when (1) the need to condemn is reasonably necessary and (2) the common law or other legal remedies do not provide a present enforceable legal right to an alternate mode of access which is both reasonable and practical. *Minto v. Lambert,* 870 P.2d 572 (Colo.App.1993).

■ A party seeking to condemn may choose among adjoining landowners against whom he wishes to proceed. Where a defendant seeks to defeat a condemnation claim by pointing to an alternate route across property owned by another party, the defendant has the burden of pleading and proving that an acceptable alternate route exists and that the plaintiff has a present enforceable legal right to use it. *West v. Hinksmon,* 857 P.2d 483 (Colo.App.1992).

For the reasons outlined below, we conclude that defendants failed to establish that plaintiff has a present enforceable right to an alternative mode of access to the county road, either by virtue of the original easement or under an "implied easement of necessity" theory. Accordingly, plaintiff's condemnation petition should not have been dismissed.

### A.

Plaintiff first contends that he has no access to the county road by virtue of the original easement granted by the Helkers to Collins, since that easement was extinguished by merger when the west parcel and the 3.64 acre strip came under common ownership in 1975. We agree.

■ An easement is a right conferred by grant, prescription, or necessity authorizing one to do or maintain something on the land of another which, although a benefit to the land of the former, may be a burden on the land of the latter. The property burdened by the easement is known as the servient estate and the property benefited by the easement is the dominant estate. *Lazy Dog Ranch v. Telluray Ranch Corp.,* 965 P.2d 1229 (Colo.1998).

■ When the dominant and servient estates come under common ownership, the need for the easement is destroyed and the easement is terminated to the extent that the ownership of the servient estate permits the uses authorized by the easement. An easement thus extinguished by merger will not revive if the estates are separated once again without the same type of action required to bring an easement into existence in the first place. *See generally* 7 *Thompson on Real Property,* § 60.08(b)(1) (Thomas ed.1994)(when servient and dominant estates come into same ownership, easement disappears and ceases to exist); Restatement of Property § 497 (1944)(same); *see also Salazar v. Terry,* 911 P.2d 1086 (Colo.1996)(citing principles applicable to extinguishment of easements in reaching conclusion that common ownership of two tracts of adjoining land extinguished prior landowners' acquiescence in fence as legal boundary separating tracts).

Here, the 3.64 acre tract burdened by the easement was servient to the west parcel, the dominant estate. When Collins purchased the 3.64 acres from the Helkers, there was no longer any need for an easement because ownership of the servient estate gave Collins access to the county road. *See Salazar v. Terry, supra.* The easement was thus extinguished by merger of the estates.

■ Defendants argue that plaintiff's easement was not extinguished by merger because the original declaration of easement stated that the right-of-way would begin at the county road, and passage from the relocated county road to plaintiff's property requires crossing a portion of the Helker property that was never owned by Collins or plaintiff. We do not agree.

Defendants, who had the burden of proof on this issue, did not put on evidence that the original parties intended that Collins would have an easement from the county road even if that road were to be relocated. More important, even if the original grant were interpreted as a grant of an easement commencing wherever the road was located, the fact remains that the need for *any* easement was obviated when Collins acquired the 3.64

acre strip in 1975 and thus had direct access to the road. As noted, an easement extinguished by merger will not revive without the same type of action required to bring an easement into existence in the first place. *See Salazar v. Terry, supra;* Restatement of Property, *supra,* § 497, comment h; *Witt v. Reavis,* 284 Or. 503, 587 P.2d 1005 (1978)(discussing and adopting majority rule that an easement once extinguished is gone forever). Here, there was no showing that the parties created a new easement, affording a right-of-way to the relocated road, after the original easement was extinguished.

### B.

■ We likewise disagree with defendants' related contention that plaintiff has an implied easement of necessity over the Helker property.

■ An implied easement of necessity arises when the owner of a tract of land conveys part of that tract to another party, leaving either the part conveyed or the part retained without access except over the other part. In such circumstances, an easement is implied because the law assumes that no person intends to render property conveyed inaccessible for the purpose for which it was granted or retained. *Thompson v. Whinnery,* 895 P.2d 537 (Colo.1995). Implied easements are generally not looked upon with favor by the courts. *Collins v. Ketter,* 719 P.2d 731 (Colo.App.1986).

■ To establish an implied easement of necessity for access to land, three requirements must be met: (1) there must be unity of ownership of the entire tract prior to division; (2) the necessity for the easement must exist at the time of severance; and (3) the necessity for the particular easement must be great. The burden of proving the existence of an implied easement of necessity is upon the person claiming the easement. *Thompson v. Whinnery, supra.*

Here, at the time Collins sold the east parcel to the Helkers, Collins obtained an express easement granting him a right-of-way across the Helkers' property to the road. There was accordingly no need for an implied easement, and the second *Thompson* require-

ment is not met. Thus, there is no implied way of necessity that would constitute a present enforceable alternative access to the road, and plaintiff's petition was not subject to dismissal on this basis.

### C.

■ Defendants also contend that plaintiff did not exhaust other remedies before filing suit. They point out that plaintiff offered no evidence that he had applied for a driveway permit or variance from the county, or that he had determined the actual costs of accessing the road over the Helker property. They also assert that plaintiff failed to establish he was denied access across the Helker property. However, it was defendants, not plaintiff, who had the burden of proving that plaintiff had an enforceable alternative route to the road. *See West v. Hinksmon, supra* (defendant may not defeat condemnation action simply by pointing to another landowner against whom plaintiff might have proceeded; rather, burden is on defendant to establish existence of an acceptable alternate route and plaintiff's present enforceable legal right to use it).

Plaintiff was not required to exhaust the other remedies cited by defendants, or affirmatively to establish that the Helkers denied him access across their property, before he could proceed with his condemnation action. Because defendants failed to meet their burden of proving that there was an acceptable alternative route to the road and that plaintiff had a present enforceable right to use it, the trial court erred in dismissing plaintiff's petition.

### II.

■ As a final matter, we agree with plaintiff that defendants are not entitled to the attorney fees and costs which they were awarded pursuant to §38–1–122(1), C.R.S. 1998. An award of attorney fees is not appropriate where dismissal of a condemnation action is reversed on appeal. *See Bear Creek Development Corp. v. Dyer,* 790 P.2d 897 (Colo.App.1990).

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judge DAVIDSON and Judge BRIGGS concur.