Lawrence L. LEVIN and Carol E.
Levin, Plaintiffs–Appellants,

v.

Sam ANOUNA and Patricia Anouna,
Defendants–Appellees.

No. 98CA0807.

Colorado Court of Appeals,
Div. II.

June 24, 1999.

Certiorari Denied Dec. 20, 1999.

Lawrence L. Levin, Pro Se.

Carol E. Levin, Pro Se.

Woodrow & Gruskin, P.C., Daniel L. Woodrow, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge CRISWELL.

Plaintiffs, Lawrence L. and Carol E. Levin, appeal the judgment finding them in contempt and ordering them to pay attorney fees to defendants, Sam and Patricia Anouna. We affirm.

The parties each own one-half of a duplex in Vail, Colorado. When plaintiffs decided to stain the wood exterior siding of their half of the unit, a dispute arose between them and defendants concerning the color of the stain. The trial court resolved the dispute by entering an equitable order that provided, in relevant part, as follows:

> IT IS THEREFORE ORDERED that the Plaintiffs may proceed to restain the exterior wood surfaces of their half of the duplex with a solid color stain that nearly as possible matches the overall appearance of the wood stain on the Defendant's [sic] half of the duplex.... IT IS FURTHER ORDERED that the Plaintiffs ... *shall restain their garage door to match the other exterior wood portions of the dwelling.* (emphasis supplied)

Several months later, defendants filed a verified motion for issuance of a contempt citation, asserting that plaintiffs had violated the court's order by staining their garage door and other areas in a color that did not match the other exterior wood portions of the dwelling.

A citation was issued and served on plaintiffs, and after an evidentiary hearing, the trial court found that the earlier order was clear and that plaintiffs had willfully violated that order. As a sanction, the court ordered plaintiffs to compensate defendant Sam Anouna for the time he had spent appearing at the hearing, and it also ordered plaintiffs to pay defendants' attorney fees.

After defendants submitted an affidavit of expenses and fees, plaintiffs filed an objection that raised new challenges to the validity of the contempt order. Based upon this objection, the trial court issued a revised contempt order that deleted the order to pay Sam Anouna's expenses. However, the revised order continued to require plaintiffs to pay defendants' attorney fees and further required plaintiffs to restain the garage door according to the terms of the original order or to pay $50 for each day they failed to do so. Plaintiffs now appeal from the revised contempt order.

## I.

Plaintiffs first contend that the trial court lacked jurisdiction to impose the remedial sanction of requiring them to restain the garage door. We disagree.

Plaintiffs rely on the portion of C.R.C.P. 107(d)(2) stating that: "[I]n all cases of indirect contempt where remedial sanctions are sought, the nature of the sanctions and remedies that may be imposed shall be described in the motion or citation." Plaintiffs assert that, because the original motion and citation did not mention the remedial sanction of restaining the garage door, the trial court lacked *jurisdiction* to impose that sanction. We are not persuaded.

We recognize that, in some older cases, the supreme court has said that a failure to comply with the procedural requirements of

C.R.C.P. 107 (governing contempt proceedings) deprives the court of "jurisdiction" to act. *See Metcalf v. Roberts,* 158 Colo. 255, 406 P.2d 103 (1965); *Urbancich v. Mayberry,* 124 Colo. 311, 236 P.2d 535 (1951). We note also the language used by the division in *In re Marriage of McGinnis,* 778 P.2d 281 (Colo.App.1989).

In both *Metcalf* and *Urbancich,* however, the procedural defect resulted in a denial of a hearing upon the question whether the alleged contemnor had engaged in a knowing violation of the pertinent order or whether there was another legitimate defense to the contempt charge. Hence, the contempt order in each of those cases could be considered void because it was entered in violation of procedural due process considerations. *See Don J. Best Trust v. Cherry Creek National Bank,* 792 P.2d 302 (Colo.App.1990).

■ More recently, the court has recognized that the question of "jurisdiction" of a court relates either to its authority to act upon the class of cases within which the controversy falls or its authority over the person of a respondent. Further, a procedural statute or a court rule normally does not address jurisdictional issues; restrictions upon a court's jurisdiction are generally to be found in statutes directly addressing that subject. *People in Interest of Clinton,* 762 P.2d 1381 (Colo.1988). *See also In re Marriage of Helmich,* 937 P.2d 897 (Colo.App. 1997) (failure to give notice of contempt proceedings to district attorney, as required by statute, does not affect court's jurisdiction over those proceedings); *Minto v. Lambert,* 870 P.2d 572 (Colo.App.1993) (requirement to negotiate with landowner not "jurisdictional prerequisite" to eminent domain proceeding).

■ Indeed, it is only if the procedural defect results in a court's attempt to exercise power over a class of cases or persons not within its constitutional or statutorily prescribed authority that such a defect may be said to implicate the court's jurisdiction. *People in Interest of Clinton, supra.* And, the alleged procedural defect here is not of that type.

■ Of course, if the procedural defect results from a failure to comply with an essential requirement, such a failure may constitute reversible error, even if the court's jurisdiction is not implicated. *People in Interest of Clinton, supra.* However, while the failure of a motion or citation to describe the nature of the sanctions to be imposed might, under other circumstances, result in reversible error, we conclude that it did not have that result here.

Here, neither the motion nor the citation described a restaining of the garage door as a sanction sought by defendants. Nevertheless, at the hearing on the citation, plaintiffs themselves offered to restain the garage door in lieu of a punitive sanction. In addition, in their later objection to defendants' expense and fee affidavit, plaintiffs argued that: "Because a remedial sanction ... could have been imposed, and because [plaintiffs] at the hearing offered to stain the garage door ... it was unreasonable for the [c]ourt not to order the remedial sanction of such a restaining."

Because plaintiffs recommended the remedial sanction that the court later adopted, we conclude that they waived any objection to the court's imposition of that sanction, and under these circumstances, the failure of the motion or citation to refer to that sanction caused no harm to plaintiffs. *See Digby v. Denner,* 156 Colo. 260, 398 P.2d 30 (1965)(party cannot complain of order entered at that party's request).

## II.

■ Plaintiffs next contend that the underlying court order was not sufficiently clear and, therefore, could not support a finding of contempt. Again, we disagree.

The trial court found that the intent of the underlying order was that, if plaintiffs chose to restain the garage door, they were required to match the color with the other exterior wood portions of the dwelling. And, the clear import of the specific language of its order supports the trial court's conclusion in this respect.

Additionally, we note that the trial court based its conclusion in this respect, in part, upon evidence presented at the contempt hearing. However, plaintiffs have failed to include a full transcript of that hearing in the record on appeal. Under these circumstances, we presume that the evidence supported the trial court's findings and conclusions on this issue. *See Kaneco Oil & Gas, Ltd. v. University National Bank,* 732 P.2d 247 (Colo.App.1986).

### III.

We also disagree with plaintiffs' contention that the revised contempt order was arbitrary and capricious and, therefore, constituted an abuse of discretion.

In support of this contention, plaintiffs assert that any violation of the underlying order was not intentional or willful and that the sanction imposed was disproportionate to the contemptuous conduct.

We have already concluded that the trial court did not abuse its discretion in determining that the underlying order was clear and that plaintiffs' violation of the order was willful.

With respect to the severity of the sanction, we conclude that requiring compliance with the underlying order (or payment of $50 for each day of refusal to comply) is not a disproportionate sanction for plaintiffs' willful disregard of that order.

### IV.

Plaintiffs contend that the trial court's attorney fee award was improper and excessive. We are not persuaded.

C.R.C.P. 107(d)(2) specifically furnishes the trial court with discretion to award costs and reasonable attorney fees in connection with the contempt proceeding.

Plaintiffs assert that any attorney fee award was error because the trial court lacked jurisdiction and because the underlying contempt order was improper. However, we have already rejected both of those supporting arguments.

Plaintiffs alternatively contend that the $1600 fee award was excessive. The deter-

mination of the amount, under the evidence, that constitutes a reasonable award of attorney fees is committed to the sound discretion of the trial court. *Bilawsky v. Faseehudin,* 916 P.2d 586 (Colo.App.1995).

Here, defendants' counsel submitted an affidavit detailing the time and hourly rate for preparing the contempt motion and attending the hearing. We perceive no abuse of discretion in the trial court's determination that these amounts were reasonable. Furthermore, we disagree with plaintiffs' assertion that defense counsel's attendance at and participation in the contempt hearing was unnecessary or "superfluous."

### V.

Finally, we reject defendants' request for attorney fees incurred by them on this appeal. We cannot conclude that plaintiffs' arguments were frivolous or otherwise improper. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993).

The judgment is affirmed.

Judge PLANK and Judge CASEBOLT concur.